THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY MOELLER, Plaintiff in Error.

*Opinion filed October 28, 1913—Rehearing denied Dec. 5, 1913.*

1. CRIMINAL LAW—*counts for burglary, larceny and receiving stolen goods may be joined.* Counts for burglary and larceny and for larceny and receiving stolen goods may be joined in the same indictment, and a motion to quash cannot be sustained upon ·the ground that the indictment charges separate offenses in the different counts.

2. SAME—*when evidence is admissible though it tends to show other offenses.* The test of the admissibility of evidence in a criminal case is the connection of the facts proven with the crime charged, and whatever testimony tends directly to show the defendant guilty of the crime charged is competent, even though it tends to show him guilty of another offense.

3. SAME—*when jury are entitled to whole history of the case.* On the trial of a person accused of the burglary of a building and the larceny of goods therefrom, the testimony of an accomplice showing that the accused, several months before the date of the crime charged, had taken him to the building and shown him the skylight above, and that he thereafter removed the glass and aided the witness to get into the building and remove the goods on many occasions before the one when they were detected and arrested, is competent, and it is not error for the court to refuse to require an election of offenses before the close of the evidence.

4. NEW TRIAL—*affidavit for a new trial for newly discovered evidence must show due diligence.* Affidavits stating facts tending to prove an alibi are not ground for a new trial, where all of the facts stated therein were known to the accused at the time of the trial and could have been proven then as well as later, had he exercised diligence.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

PATRICK H. O'DONNELL, and EDWARD G. PURKHISER, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and D. E. DETRICH, (GEORGE P. RAMSEY, and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

At the November term, 1912, of the criminal court of Cook county an indictment containing four counts was returned against Harry Moeller, the plaintiff in error, and Sam Horwitch. The defendants were charged in the first count with buying, receiving and aiding in concealing stolen property on October 8, 1912, consisting of 1000 raincoats, 1000 mackintoshes and 1000 coats, each of the value of seven dollars, the property of Moses Kriger; in the second count, with burglary and larceny of the same goods, on the same day, from the store and office of Moses Kriger; in the third count, with burglary, by breaking and entering said store and office on the same day; and in the fourth count, with burglary of the same store and office on the same day without force, the doors and windows being open. The court overruled a motion of the defendant Harry Moeller to quash the indictment, after which the defendants pleaded not guilty, and the defendant Harry Moeller made a motion that the State's attorney be required to elect upon which count of the indictment he would go to trial. The court refused to require an election before the trial and overruled similar motions during the introduction of evidence. The motion was renewed at the close of the evidence, when the State's attorney refused to elect, and the court confined the prosecution to the date of October 8, 1912, mentioned in the indictment. The jury found the defendant Harry Moeller guilty of burglary in manner and form as charged in the indictment, and after a motion for a new trial, which was overruled, he was sentenced on the verdict, and sued out a writ of error from this court.

It is not contended that there was any infirmity in the indictment, but it is argued that the court erred in refusing to quash it because it charged separate offenses in the dif-

ferent counts, and also erred in not requiring the State's attorney to elect, before the commencement of the trial or during the taking of evidence, upon which count a conviction would be asked. Counts for burglary and larceny and for larceny and receiving stolen goods may be joined in the same indictment, and a motion to quash could not be sustained on the ground alleged. *Lyons* v. *People,* 68 Ill. 271; *Bennett* v. *People,* 96 id. 602.

The conviction was procured by the testimony of the defendant Sam Horwitch, corroborated, to some extent, by testimony of other witnesses. The defendants were born in Russia, and Horwitch claimed to be a relative of Moeller's first wife. Moeller was a peddler of dry goods, millinery, fancy goods and clothing on the installment plan, in the city of Chicago. Horwitch testified that he worked for a time for the Edison Electric Company, in Chicago, at $100 a month, and left that employment in the late spring of 1912 because of a refusal to raise his salary; that he met Moeller some time in June, 1912, and devoted most of his time thereafter, until October 8, 1912, in committing burglaries of the building of Kriger, who was a manufacturer and dealer in raincoats; that Moeller proposed making easy money and took him into the establishment of Kriger on the pretext of getting a coat; that while there Moeller pointed out a skylight, and that night they went up on the roof and Moeller removed the glass from the skylight and replaced it; that from that time they went to the store repeatedly at night and entered through the skylight, and each time took a number of raincoats,—from fifteen to twenty at a time,—and did them up in a bundle; that Moeller would go on top of the roof and pull the bundle up by a rope, and that Moeller took the raincoats and gave him money for them, amounting in all to $325. Kriger having discovered that raincoats were being stolen, put a watchman in the building, and on the night of October 8, 1912, Horwitch came down through the skylight and after having

packed up some coats was arrested by the watchman. It was proved that Horwitch was in the habit of peddling raincoats about the city, carrying them on his arm.

The effort of the defendant Moeller was to prevent the admission of evidence of more than one act of entering the building, under the established rule that a defendant can not be tried for more than one felony at the same time. If the transactions had been distinct and unconnected the rule would have applied, but that was not the case. The test of admissibility of evidence is the connection of the facts proved with the crime charged, and whatever testimony tends directly to show the defendant guilty of the crime charged is competent, although it tends to show him guilty of another offense. (*Andrews* v. *People,* 117 Ill. 195; *People* v. *Jennings,* 252 id. 534.) If Moeller originated the plan, showed Horwitch the skylight, removed the glass, and did the other acts testified to, they tended to prove him guilty of the crime with which he was charged. It was proper that the jury should have the whole history of the case, and the court did not err in refusing to require an election before the close of the evidence.

Sam Horwitch was an accomplice of Moeller, and Moeller contradicted him as to everything about which he testified, but there was testimony tending to corroborate him. The watchman who arrested Horwitch testified that he heard some person walking on the roof at the time, which showed that there was an associate of Horwitch in the burglary. That testimony did not tend to identify Moeller as the confederate, but five raincoats were found in the residence of Moeller when he was arrested and they were identified as having been stolen from Kriger's place of business. Moeller said that he bought five raincoats from Horwitch,—one for himself, one for his brother, one for his wife, and two large sizes,—and paid two dollars each for them, and that Horwitch told him that as he was a peddler he could sell those coats. He denied that the rain-

coats identified by the officers were the same which he bought, but the conclusion of the jury, and of the court which denied the motion for a new trial, depended on the credibility of the witnesses, and we cannot say that it was manifestly wrong.

The court denied a motion for a new trial made by the defendant Moeller on the ground of newly discovered evidence, consisting of affidavits of a number of persons who were connected with a savings and loan association, that he attended a meeting of said association on the evening of October 8, 1912, and was present during the whole of the meeting, from 9 o'clock in the evening until 11:20 o'clock, which would cover the time of the burglary. There were also affidavits of other persons that at the preliminary hearing of the charge against Moeller and Horwitch before a judge of the municipal court, Horwitch testified that he committed many burglaries of the premises and stole raincoats with the defendant Moeller but that Moeller was not with him on the night of October 8, 1912. The parties making the affidavits stated, in each of them, that they did not impart the information to Moeller's attorneys until after his conviction. But the facts stated by them were within the knowledge of Moeller at the time of the trial. He knew the fact that he was at the meeting of the loan and savings association, if it was a fact, and that as a trustee he turned in about $30 in collections for dues of different members at that meeting, and he necessarily knew what Horwitch testified to on the preliminary hearing. The evidence was important, but the affidavits did not show such diligence on his part as the law requires to sustain a motion for a new trial.

There is no error which calls for a reversal of the judgment, and it is affirmed.  *Judgment affirmed.*