## The People of the State of Illinois, Defendant in Error, v. Adrian Young, Plaintiff in Error.

1. INDICTMENT AND INFORMATION, § 34*—*sufficiency of allegation as to time of offense.* Where the information alleges the time of the offense under a *videlicet*, the allegation of the precise time is not necessary except that the allegation and proof must bring the offense within the statute of limitations.

2. CRIMINAL LAW, § 120*—*when evidence of other offenses admissible.* Evidence of the acts of the accused at other times than the particular one for which he is on trial is competent for the purpose of showing intent.

3. MASTER AND SERVANT, § 873*—*when instructions as to what constitutes violation of section 159 of Criminal Code erroneous.* In the trial of an information charging defendant with a violation of section 159 of the Criminal Code, J. &. A. ¶ 3779, prohibiting a person from seeking to prevent any other person from working or obtaining work, by threat, intimidation or unlawful interference, instructions informing the jury as to what constitutes intimidation and that intimidation might include following or spying after a person if done to prevent his working at a lawful business, *held* erroneous.

4. MASTER AND SERVANT, § 873*—*acts not constituting violation of section 159 of Criminal Code.* Under section 159 of the Criminal Code, J. & A. ¶ 3779, union men or other employees have the right to seek, by peaceable persuasion, to induce others to leave or refrain from working for their employers, if the persuasion is not in the nature of intimidation or coercion.

5. INSTRUCTIONS, § 129*—*requisites when peremptory.* A peremptory instruction should include every element requisite to the returning of a verdict as directed.

Error to the County Court of Adams county; the Hon. LYMAN McCARL, Judge, presiding. Heard in this court at the April term, 1914. Reversed and remanded. Opinion filed July 2, 1914.

WALTER H. BENNETT, for plaintiff in error.

FRED G. WOLFE and ROLLAND M. WAGNER for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an information filed in March, 1913, in the County Court of Adams county, by the prosecuting attorney, against Adrain Young charging the defendant with a violation of section 159 of the Criminal Code (J. & A. ¶ 3779) which provides: ''If any person shall by threat, intimidation or unlawful interference, seek to prevent any other person from working or from obtaining work at any lawful business, on any terms that he shall see fit such person so offending shall be fined not exceeding $200.''

The defendant entered a plea of not guilty and upon a trial before a jury was found guilty and sentenced to pay a fine of $50 from that judgment, the defendant prosecutes this writ of error.

The information, under a *videlicet*, charged the defendant with having committed the offense on March 18th. The People introduced evidence tending to show the commission of the offense on the 18th, and of similar offenses on the 10th and 15th of the same month.

The plaintiff in error was a member of a Carpenter and Joiner's Union in Quincy that had been on a strike for about six months, and the prosecuting witness, Fred Westhaus, was an employee in one of the factories against which the strike had been declared but who had continued at work after the strike had been declared by the union. The evidence further tended to show that on March 18th an officer approached Westhaus when he was on his way home from work and accused him of carrying concealed weapons; that while the officer was searching Westhaus, the plaintiff in error came up and told the officer that it was Westhaus' mother who carried a gun. This apparently is about all that occurred at that time. The evidence by different witnesses tends to show that on the 10th and 15th, of the same month, the plaintiff in error with

other men had followed Westhaus on his way home from work and called him vile names. The plaintiff in error denied either using any vulgar language or calling the prosecuting witness names, and says that he lived out in the direction that Westhaus did and that all he did on the 10th and 15th was to try and reason with Westhaus and persuade him to join the union.

It is insisted the court erred in admitting evidence concerning what occurred on other days than the 18th, the time alleged in the information. The time alleged is stated under a *videlicet;* the allegation of the precise time was not necessary, except that the allegation and the proof must bring the offense within the statute of limitations. We hold also that the evidence of the acts of the plaintiff in error at other times, than the particular one for which he was on trial, was competent for the purpose of showing intent. *People v. Hagenow,* 236 Ill. 528; *People v. Moeller,* 260 Ill. 375.

It is contended also that the court erred in giving three instructions for the People and modifying one requested by plaintiff in error. The third instruction given for the People is: "The Court instructs the jury that intimidation means to put a person in fear and may include following him, spying after him, stopping and threatening him or assuming a threatening attitude toward him and if done to prevent his working at a lawful business or on terms as he may see fit are unlawful and each of said acts for said purpose is unlawful and in this if you believe from the evidence beyond a reasonable doubt that the defendant did commit any one or more of said acts for said purpose, then you should find the defendant guilty as charged in the information."

The fourth is the same, in substance, with the exception that it is an abstract proposition. The fifth is: "The Court instructs the Jury that if the things done or words spoken are such that they will excite fear or

reasonable apprehension of danger and so influence those for whom designed as to prevent them from freely doing what they desire and the law permits, such acts and words are unlawful, and in this case if you believe the conduct of the defendant was such as to excite fear or reasonable apprehension of danger on the part of Fred Westhaus and designed to influence him to prevent him from doing what he desired and the law permits in working, then the defendant is guilty as charged in the information and you should find him guilty by your verdict.''

The second instruction requested by the plaintiff in error is: ''The Court further instructs the Jury that a strike is not unlawful; that members of labor unions may singly or in a body quit the service of their employer, and for the purpose of strengthening their association, may persuade and induce others in the same occupation to join their union.'' This the court modified adding the following words: *''But in doing so no striker would be warranted in following a Nonunion man against his will, spying after him, stopping or threatening him, or using any words or language that would in any way intimidate him.''*

Counsel for defendant in error rely upon the cases of *Franklin Union No. 4 v. People,* 220 Ill. 355, and *Doremus v. Hennessy,* 176 Ill. 608, as authority for the giving of the third and fourth instructions and the modifications of the plaintiff in error's instruction. The People's instructions inform the jury that ''intimidation means to put a person in fear, and may include following him, spying after him, stopping and threatening him or assuming a threatening attitude toward him and if done to prevent his working at a lawful business or on terms as he may see fit are unlawful and each of said acts is unlawful,'' and if the jury believe from the evidence that the plaintiff in error ''did commit any one or more of said acts for said purpose,'' then the jury should find him guilty. The

different acts are disjunctively connected together by the word "or," it tells the jury that if the plaintiff in error followed the prosecuting witness, or spied after him, to prevent his working at a lawful business the plaintiff in error should be found guilty. The statute only makes intimidation or unlawful interference that seeks to prevent another person from working an offense. In the *Franklin Union* case, *supra*, which was an attachment for contempt for violating an injunction, it was said: "To follow him, to spy after him, to stop him and threaten him, to put him in fear, to intimidate him or to coerce him are alike unlawful." As we understand, the principal there announced is, that to follow and spy after for the purpose of intimidation or coercion are unlawful. To follow and spy after are not of themselves criminal and only become such when done for the purpose of intimidation. Union men or any other employees have the right to seek by peaceable persuasion to induce others to leave or refrain from working for their employers, if the persuasion is not in the nature of intimidation or coercion and will not thereby render themselves liable to criminal prosecution. *Kemp v. Division No. 241*, 255 Ill. 213; *Beaton v. Tarrant*, 102 Ill. App. 124; 18 Am. & Eng. Encyc. of Law, 87; *Iron Moulders' Union No. 125 v. Allis-Chalmers Co.*, 91 C. C. A. 631, 166 Fed. 45; *Karges Furniture Co. v. Amalgamated Woodworkers Local Local Union No. 131*, 165 Ind. 421; *American Steel & Wire Co. v. Wire Drawers' & D. M. Union*, 90 Fed. 608; *Cumberland Glass Mfg. Co. v. Glass Bottle Blowers' Ass'n*, 59 N. J. Eq. 49; *Reynolds v. Everett*, 144 N. Y. 189. The words to intimidate or to coerce have a well-understood meaning, and the court in undertaking to tell the jury what was "intimidation" was usurping the province of the jury, and in informing the jury that intimidation might include following or spying after a person, if done to prevent his working at a lawful business, was erroneous since that interpretation de-

The People v. Young, 188 Ill. App. 208.

prives a citizen of the right to argue with and persuade his fellow-employees to quit work although the persuasion might, under the circumstances surrounding it, be peaceable and without a particle of intimidation or coercion in the judgment of an ordinarily reasonable person. Argument and persuasion do not of themselves constitute a criminal offense unless they are designed to intimidate or coerce.

What has been said in reference to the third and fourth instructions given on the part of the People is applicable to the modification of plaintiff in error's second instruction.

The fifth instruction directs a verdict of guilty, if the jury believe the conduct of the plaintiff in error was such as to excite fear or reasonable apprehension of danger on the part of the prosecuting witness and designed to influence him from freely doing what he desired. The jury under this instruction were directed to find the defendant guilty, if they believed from a bare preponderance of the evidence that he was guilty of the offense charged, although they might have had a reasonable doubt of his guilt. A peremptory instruction should include every element requisite to the returning of a verdict as directed. The giving of this instruction was reversible error.

For the reasons indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*