(No. 19058.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN BARNHILL, Plaintiff in Error.

*Opinion filed December 20, 1928.*

HARTZELL, CAVANAGH & MARTIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, J. LEROY ADAIR, State's Attorney, and MERRILL F. WEHMHOFF, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

The grand jury of Adams county, at the January, 1928, term of court, returned an indictment against plaintiff in error (hereafter called defendant) containing four counts. The first three counts charged defendant with knowingly receiving an automobile which had been stolen, and the fourth count charged him with stealing the automobile. The property was described in the indictment as "a Buick brougham," and its value was alleged as about $1000. Defendant made a motion to quash the indictment, which the court overruled, and on a plea of not guilty being entered a jury was empaneled and the cause tried. The jury returned a verdict finding defendant guilty "of receiving stolen property, knowing the same to be stolen, for the defendant's own gain and to prevent the owner from again

possessing the same, in manner and form as charged in the indictment." The court overruled a motion for a new trial and in arrest of judgment and rendered judgment on the verdict. Defendant has sued out a writ of error.

Several interesting questions are raised by the assignment of errors, but in the view we take of the case it will be unnecessary to discuss all of them.

The indictment is not bad because it charged defendant with receiving stolen property and with larceny of the property. The two offenses charged in the indictment are separate and distinct offenses, so made by different sections of the Criminal Code. It requires more than a single transaction to constitute guilt of the two offenses. The same party cannot be guilty of stealing the property and also guilty of receiving it from himself. (*Tobin* v. *People,* 104 Ill. 565; *Huggins* v. *People,* 135 id. 243; *Watts* v. *People,* 204 id. 233; *People* v. *Thompson,* 274 id. 214; *People* v. *Ensor,* 310 id. 483.) In the latter case the court said: "One person cannot be both the thief and the receiver of the stolen property. He cannot receive stolen property from himself. This record is entirely barren of any proof that plaintiff in error received the automobile in question from another person." What the court said in that case is particularly applicable in this case. There was no proof whatever that defendant received the automobile from the person who stole it or from any person. While the proof is not conclusive that defendant stole the automobile, it tends to prove that he did. It contains no intimation that he received it from the person who stole it. The verdict of the jury that he was guilty of receiving stolen property is based on no evidence whatever. The effect of the verdict was that defendant was not guilty of stealing the car, which was the only offense charged that the evidence tended to sustain.

The judgment is reversed. *Judgment reversed.*