(No. 30850.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER DEVORE, Plaintiff in Error.

*Opinion filed January 19, 1949.*

WALTER DEVORE, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (IVAN J. HUTCHENS, State's Attorney, of Decatur, of counsel,) for the People.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

The defendant, Walter Devore, was indicted in the circuit court of Macon County on May 14, 1948. The indictment consisted of three counts. The first count charged the defendant with larceny of a motor vehicle; the second count charged larceny of a motor vehicle and also charged the defendant with being an habitual criminal. The third count charged him with being a receiver of stolen property. On being arraigned and represented by counsel, the defendant withdrew a former plea of not guilty, signed a jury waiver and entered a plea of guilty to count three of the indictment. The State's Attorney entered a *nolle prosequi* as to counts one and two. After being admonished by the court as to the consequences of such a plea, the defendant was sentenced to the Illinois State Penitentiary for an indeterminate term of not less than one year nor more than ten years, which is the penalty fixed by statute for the crime of receiving stolen property. He prosecutes this writ of error *pro se.*

The only complaint assigned in the brief of the plaintiff in error is that the indictment is legally insufficient to

charge the defendant with the crime of receiving stolen property. No motion was made to quash the indictment. The third count of the indictment charges that the defendant "feloniously, unlawfully and unjustly for his own gain, did aid in concealing a motor vehicle, to-wit: a Chevrolet automobile, then and there of a value of One Thousand Dollars and then and there the property of Gordon-Gustafson Pontiac, Inc., a corporation and then and there lately before stolen, taken and driven away from said Gordon-Gustafson Pontiac, Inc., a corporation, by a certain evil disposed person, the said Walter Eugene Devore then and there well knowing the said property aforesaid to have been feloniously stolen."

It is the contention of the plaintiff in error that the averments of said count are vague and indistinct in that the language "lately before stolen, taken and driven away * * * by a certain evil disposed person" is insufficient pleading to show "that the property has, in fact, been stolen by a person other than the one charged with receiving the property."

He insists that the absence of the specific charge that plaintiff in error had received the stolen automobile from a certain designated person renders the indictment fatally defective. In support of this position he cites and relies upon the holdings in *People* v. *Ensor,* 310 Ill. 483; *People* v. *Dalke,* 336 Ill. 446. In the latter case this court stated that "Before there can be a conviction for receiving stolen property, the evidence must show, beyond a reasonable doubt, that the property has, in fact, been stolen by a person other than the one charged with receiving the property; that the one charged with receiving it has actually received it, or aided in concealing it; that the receiver knew that the property was stolen at the time he received it, and that he received the property for his own gain or to prevent the owner from again possessing it." However, in that case, as well as in the *Ensor case,* trial was had

before a jury and a verdict of guilty of receiving stolen property returned. The cases were reversed because the court found that if the evidence proved anything it proved that the defendant had personally stolen the property and that under the proof he could not be found guilty of receiving stolen property under the theory well established that a person cannot receive stolen property from himself. To the same effect is *People* v. *Barnhill,* 333 Ill. 150.

The case of the plaintiff in error presents quite a different situation. Here, the defendant pleaded guilty to the charge of receiving stolen property and there is no evidence to show that he was the thief. On a plea of guilty, the defendant confesses his guilt and every essential element of the crime is admitted.

In the case of *People* v. *Israel,* 269 Ill. 284, it was stated; "Under section 239 of our Criminal Code * * * in an indictment for receiving stolen goods, it is not necessary to state the name of the thief, and the time and place where the goods were stolen." In *Huggins* v. *People,* 135 Ill. 243, it was held that in an indictment for buying stolen property for gain, the name of the thief or of the person from whom the defendant received or bought the property not being matter necessary to the identification of the offense need not be alleged or proved. The wording of the indictment in this case describing the thief of the property to be "some evil disposed person" under the authority of above cases appears to be sufficient.

Defendant further urges that the third count of the indictment is inconsistent with the first and second counts which charged that plaintiff in error had stolen the property himself and, therefore, could not be charged also with receiving stolen property from himself. It is certain that defendant could not be convicted under all counts of this indictment but this court has many times ruled that counts for burglary and receiving stolen property may all be joined in one indictment where they all relate to the same

goods stolen. *People* v. *Kargula,* 285 Ill. 478; *People* v. *Barnhill,* 333 Ill. 150; *People* v. *Moeller,* 260 Ill. 375.

Counts one and two having been nol-prossed by the State cannot be taken as any presumption that plaintiff in error had stolen the property himself on his plea of guilty to the third count. The sentence specifies the crime for which defendant was sentenced and we do not find any ambiguity or uncertainty in the indictment or in the judgment.

*Judgment affirmed.*