(No. 22810.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERBERT CARR *et al.*—(JOHN LEE, Plaintiff in Error.)

*Opinion filed February 21, 1935—Rehearing denied April 5, 1935.*

Ellis & Westbrooks, and W. Chester Kitchen, (Richard E. Westbrooks, of counsel,) for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and J. J. Neiger, (Edward E. Wilson, and Henry E. Seyfarth, of counsel,) for the People.

Mr. Justice Stone delivered the opinion of the court:

Plaintiff in error, John Lee, with Herbert Carr, William Grady and John Jackson, was indicted in the criminal court of Cook county for robbery. The indictment consisted of two counts. One charged robbery while armed with a gun and the other charged robbery without being armed. Two of the defendants, Carr and Grady, pleaded guilty and testified for the other defendants. The trial was had before the court without a jury. Plaintiff in error and Jackson were found guilty. Plaintiff in error alone brings the cause here on writ of error.

One William Coleman testified for the People that on the night of January 5, 1934, at about 11:30 P. M., someone knocked on the side door of the Harbor Motor Company garage, where he was working, and a voice inquired about another workman engaged at that place; that while the witness was standing near this door a pane of glass was broken in the front door and two men entered, one holding a gun on the witness; that the witness was later bound and blindfolded; that one of the men went upstairs and hammered on the safe and came down, asked the witness where the tool-box was, and again returned to the upper floor and did more pounding on the safe. After the men left the building the witness released himself from the rope and bandage and called his employer.

He testified that $11 was taken out of one of his pockets. Some months later, Carr, Grady, Jackson and plaintiff in error, Lee, were arrested, and Coleman at a "show-up" picked out plaintiff in error and Jackson as two of the men who entered the garage and bound and gagged him. He testified that plaintiff in error was the one who held the gun when the men approached him.

Police officer Fred Graham testified that he arrested Grady on April 29, 1934, and later arrested Lee and Jackson. Another officer arrested Carr during the latter part of April. Graham testified that he talked with Carr and Grady in the presence of Lee and Jackson; that Grady made the statement that he, with Lee, Jackson and Carr, on the night of the robbery went to the Harbor Motor Company garage; that he knocked on the side door, and while doing so two of the other men entered the front door; that he did not go inside; that when they came out they all went to a place on East Forty-fifth street and divided $11 and a few cents equally. Graham further testified that he talked to Lee, plaintiff in error, at that time, and that Lee stated that he had nothing to do with the burglary and robbery but said he was in the car with the others.

Officer J. Lavery testified that plaintiff in error was present at the police station at the time the statement was made by Grady that he, with Carr, Jackson and Lee, went to the Harbor Motor Company garage; that Lee, Carr and Jackson robbed the motor company; that Carr was the "safe" man, while plaintiff in error was the "finger man" and was the man who carried the gun, and that Jackson assisted Lee. Lavery testified further that neither Lee nor Jackson said anything in response to this statement though it was made in their presence and hearing.

Carr and Grady, having pleaded guilty, testified for the defendants, attempting to put the entire blame on themselves, admitting, however, that they made and signed a

statement in the presence of plaintiff in error and Jackson which involved them and to which they did not protest. Plaintiff in error testified. He denied *in toto* the testimony of Coleman, denied participating in the robbery, and stated that he was not present. He admitted being present at the police station when Carr and Grady said that he, Lee, was present and participated in the robbery. He did not deny the statement imputed to him by Graham.

The principal errors assigned are, that plaintiff in error was not represented by competent counsel, that improper evidence was admitted, and that plaintiff in error was not properly or sufficiently identified.

The first objection does not require extended consideration. While it is true this court has stated that in cases where young and inexperienced counsel have been appointed by the court to defend one charged with crime, the trial court should, in the absence of objection of such counsel, prevent the introduction of incompetent evidence of an extremely prejudicial nature, (*People* v. *Winchester,* 352 Ill. 237; *People* v. *Blevins,* 251 id. 381;) yet it has been generally held that failure of counsel employed by the defendant to exercise care and skill in the trial of the cause does not affect the rule that this court reviews only the record, and where a party employs counsel of his own selection this court will not reverse the judgment of the trial court on the ground that the defendant was not properly represented. *People* v. *Zwienczak,* 338 Ill. 237; *People* v. *Thompson,* 321 id. 594; *People* v. *Schulman,* 299 id. 125.

It is next argued that the admissions of the confessions or statements of Carr and Grady were prejudicial to plaintiff in error and the trial court should have conducted a preliminary hearing to determine if they had been made voluntarily, which hearing was not had. It is sufficient answer to this position to say that plaintiff in error admitted on the stand that he was present when the statements of Carr

and Grady were made and did not then deny his participation in the crime or make any protest to Carr or Grady that they were not telling the truth. In his testimony he did not deny the statement of officer Graham that he had told that officer that he was with Carr and the others but did not go into the place. The statements made by Carr and Grady were in the presence of the other two defendants. The court found they were voluntarily made. We are of the opinion that no error resulted in admitting these statements.

It is also argued that the identification of the plaintiff in error was insufficient. He was positively identified by the witness Coleman, and, as we have stated, did not deny to the officers that he was with the rest of the defendants on that night. The hearing was before the court without a jury. He saw and heard the witnesses, and on review of this record we are of the opinion that we would not be justified in disturbing his finding of guilty.

The judgment is affirmed.     *Judgment affirmed.*