(No. 31666.— ▬▬▬▬)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DANIEL SAMUEL CLIFTON, Plaintiff in Error.

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

DANIEL SAMUEL CLIFTON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN A. HEUER, State's Attorney, of Chester, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

September 3, 1946, the defendant, Daniel Samuel Clifton, was indicted in the circuit court of Randolph County for the murder of his wife, Bertha S. Clifton, on June 1, 1946. When arraigned on the day first named, defendant, represented by an attorney of his own choice, pleaded guilty. The trial judge fully advised and admonished him with respect to the consequences of his plea. Defendant persisted in his plea of guilty, the court accepted his plea, and adjudged him guilty of murder, in manner and form as charged in the indictment. After hearing evidence and the recommendations of the State's Attorney, the court sentenced defendant to imprisonment in the penitentiary for a term of ninety-nine years. Appearing *pro se,* defendant prosecutes this writ of error. No bill of exceptions has been filed.

Five of defendant's fourteen assignments of error relate to the sentence, defendant contending that the court erred in entering a sentence not finding facts supporting the indictment; that the sentence is not in conformity with the specific charges of the indictment; that the sentence is void

for vagueness, indefiniteness and uncertainty, and that it is insufficient in content to comply with the law applicable to murder cases. The trial judge found defendant guilty, as charged in the indictment. Defendant having pleaded guilty, it was unnecessary to present the facts as would have been necessary had he pleaded not guilty. The common-law record discloses that defendant, represented by counsel, voluntarily pleaded guilty, and that the trial judge accepted his plea only after cautioning him as to its consequences and, after hearing testimony, imposed sentence. Section 142 of division I of the Criminal Code (Ill. Rev. Stat. 1949, chap. 38, par. 360,) fixes the punishment for murder. The sentence of ninety-nine years is within the penalty prescribed by law and its term was within the discretion of the court.

The indictment consists of nine counts, each charging murder. No other criminal offense is involved. Without going into detail, the indictment clearly charges defendant with the crime of murder. The judgment order, to the extent relevant, declares, "whereupon * * * the Court being fully advised in the premises doth find and adjudge the Defendant, Daniel Samuel Clifton Guilty of the crime of Murder, in manner and form as charged in the Indictment." ·The indictment, the judgment order and the *mittimus* are each captioned, "Indictment for Murder." Defendant was not charged with the commission of any other crime. We recur to this court's observation in *People ex rel. Hutchinson* v. *Murphy,* 188 Ill. 144, "We are unable to see upon what ground it can be contended that the verdict fails to specify of what offense or crime the defendant was found guilty. It is in the usual form. The indictment charges him with the crime of murder. The verdict finds him 'guilty in manner and form as charged in the indictment.' This * * * is a specific finding of guilty of the crime of murder." Again, in *Donovan* v. *People,* 215 Ill. 520, this court said, "Reference may be had to the

indictment or the count under which the verdict is found, and where an indictment charges a crime, a general verdict of guilty in manner and form as charged in the indictment is a specific finding of each element of the crime charged, and is sufficient." It affirmatively appears from the record that the proceedings from arraignment to sentence complied with the applicable statutory provisions.

Several contentions are to the effect that defendant's plea of guilty was obtained as the result of cruel, inhuman and barbarous treatment, both physical and mental violence, and duress. These contentions find no basis in the common-law record and are predicated solely upon uncorroborated personal statements in his brief. Issues based upon allegations or matters of fact are not open to consideration, in the absence of a bill of exceptions. *People* v. *Baldridge,* 403 Ill. 606.

Reliance upon authorities to the effect that a confession obtained by fraud, coercion or duress is illegal (*People* v. *Holick,* 337 Ill. 333; *People* v. *Heide,* 302 Ill. 624,) cannot avail defendant. The common-law record does not disclose whether a confession was proffered or admitted in evidence. Upon a plea of guilty, as here, introduction in evidence of a written confession would be unnecessary. If, in fact, a statement was introduced in evidence, it would have been merely a statement by the State's Attorney or other witnesses that defendant had orally confessed the perpetration of the murder to them, and the "confession" would have been used only as evidence in mitigation and aggravation and would not have affected the entry of judgment upon his plea of guilty. *Hawks* v. *People,* 398 Ill. 281.

Defendant contends that he was deprived of his constitutional right to a fair trial in contravention of constitutional guaranties; that, in particular, he was deprived of due process by the acts and omissions of his attorneys in coercing him to plead guilty and in being placed in fear of death, if he advised the court of the physical and mental

suffering imposed upon him, and that he was deprived and denied the service of competent counsel by physical and mental restraint, preventing the court from being told of his desire and his predicament. The gist of these contentions is that he was incompetently represented by his attorney. So far as the record discloses, he did not ask the court to appoint counsel, apparently for the reason that he was represented by counsel of his own choice. His attorney appeared in open court with him when he was arraigned and pleaded guilty to the crime of murder, as charged in the indictment. A criminal complaint filed before a police magistrate on June 2, 1946, charged defendant with murdering his wife on the preceding day. Defendant had from June 2 to September 3, 1946, to obtain another attorney if dissatisfied with counsel who represented him. The failure of counsel employed by an accused to exercise care and skill in the trial of the cause does not affect the rule that this court reviews only the record, and where a defendant employs counsel of his own selection, a judgment of conviction will not be reversed upon the ground that he was not properly represented. (*People* v. *Carr,* 360 Ill. 88.) Moreover, a determination of whether an accused has been properly and competently represented by counsel can be made only from an examination of a bill of exceptions. *People* v. *Lantz,* 387 Ill. 72; *People* v. *Bertrand,* 385 Ill. 289; *People* v. *Street,* 353 Ill. 60.

Defendant also contends that the trial court deprived him of his constitutional rights by not hearing evidence by way of mitigation. The common-law record refutes this contention by the statement that the trial judge heard evidence after accepting defendant's plea of guilty. In any event, where a defendant, before pleading guilty, is admonished by the court as to the effect of his plea and the punishment which might be inflicted, it is unnecessary for the record to affirmatively show that witnesses were heard as to matters in mitigation or aggravation of the offense

for the reason that defendant's right to have an examination of witnesses in mitigation of the offense is a personal right and, consequently, one which he may waive. (*People v. Corrie,* 387 Ill. 587; *People v. Childers,* 386 Ill. 312; *People v. Popescue,* 345 Ill. 142; *People v. Gerke,* 332 Ill. 583.) The provisions of the statute with respect to hearing evidence in mitigation and aggravation are not for the purpose of determining guilt or innocence but, instead, the degree of punishment for the crime to which a plea of guilty has been interposed. *People v. Popescue,* 345 Ill. 142.

The judgment of the circuit court of Randolph County is affirmed.

*Judgment affirmed.*