(No. 32871.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN A. WOODS, Plaintiff in Error.

*Opinion filed March 17, 1954.*

JOHN A. WOODS, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and CLIFFORD N. COOLIDGE, State's Attorney, of Bloomington, (WENDELL E. OLIVER, FRED G. LEACH, and ROBERT L. BURNS, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiff in error, John A. Woods, was convicted on his plea of guilty of the crime of murder and sentenced to fourteen years' imprisonment by the circuit court of McLean County. He now comes to this court by writ of error, *pro se,* on the common-law record alone, seeking to set aside his conviction for one alleged error: that counsel appointed for him by the court were incompetent.

We have frequently held that competency of counsel cannot be determined from the common-law record, (*People* v. *Gulley,* 411 Ill. 228; *People* v. *Clifton,* 408 Ill. 475,) but plaintiff in error here contends that the incompetency of his counsel appears in this record in the statement of the trial judge made in open court at the time his sentence was pronounced. Commenting upon the charge of murder to which plaintiff in error had pleaded guilty, the trial court, after a hearing in aggravation and mitigation, in sentencing the prisoner, stated that the only eyewitness testified he saw no blows struck, the pathologists who performed a *post mortem* on deceased testified that in their opinion deceased died of heart failure and not from any external violence, the mortician testified there were no marks of violent blows on deceased's body, and the personal physician of deceased testified he had a very bad heart. Plaintiff in error contends that this evidence shows the crime of murder was never committed, that his counsel knew these facts yet they "advised and enticed" him

to enter a plea of guilty to that crime, and that they thereby established their incompetency.

The obvious fallacy of plaintiff in error's theory lies in the fact that the court's comments were based upon the evidence heard in a hearing had, on motion of his counsel, in aggravation and mitigation. The accused had pleaded guilty to the crime of murder, thereby admitting all the essential elements of that crime, and there was no necessity for the State to introduce any evidence of any kind. (*People* v. *Devore,* 402 Ill. 339; *People* v. *Nickols,* 391 Ill. 565.) The record does not show who introduced this evidence or that the State made any attempt to prove the *corpus delicti.* The purpose of hearing evidence in mitigation and aggravation is not to determine guilt or innocence but to determine the degree of punishment for the crime which has been admitted. *People* v. *Clifton,* 408 Ill. 475.

The record discloses that plaintiff in error and a codefendant were indicted and pleaded guilty to the crime of robbery and were indicted and pleaded guilty to the crime of murder for a death which ensued during the commission of that felony. The murder indictment contained twelve counts charging the murder by various means, including causing the death by causing heart failure by shock, mauling, wrestling and other means which could well have been perfectly consistent with the evidence heard by the court at the hearing in mitigation and aggravation. When a robbery is committed with a felonious intent and death ensues, the offense is deemed and adjudged to be murder. (Ill. Rev. Stat. 1953, chap. 38, par. 363; Jones Ann. Stat. 37.284.) To consider counsel's advice to enter a plea of guilty under these circumstances as showing incompetency is unthinkable.

There is absolutely nothing in this record indicating that plaintiff in error's court-appointed counsel were incompetent and the judgment of the circuit court of McLean County must be and is affirmed.

*Judgment affirmed.*