(No. 34311.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ELDRED TERRY, Plaintiff in Error.

*Opinion filed September 20, 1957.*

ELDRED TERRY, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and J. WALDO ACKERMAN, JR., State's Attorney, of Springfield, (FRED G. LEACH, and JOHN E. HOWARTH, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On January 30, 1948, the grand jury of Sangamon County indicted the plaintiff in error, hereinafter referred to as defendant, for murder. Upon arraignment he entered a plea of not guilty. Thereafter on February 24, 1948, defendant appeared in open court with his attorney and by leave of court withdrew his plea of not guilty, waived in writing a trial by jury and entered a plea of guilty. The court, as required by statute, duly admonished defendant as to the consequences of his plea of guilty, but defendant persisted therein, whereupon the court accepted the plea of

guilty and sentenced defendant to the Illinois State Penitentiary for a term of 199 years. He was then thirty years of age.

To review the judgment of conviction defendant on February 6, 1957, sued out a writ of error directed to said circuit court returnable to the March term, 1957, of this court, and assigns upon the record a number of errors for a reversal. This case is before us only upon the common-law record. Plaintiff in error appears here *pro se.*

In his brief and argument defendant alleges that on January 24, 1948, being the night of the murder in question, he voluntarily surrendered to the police department of the city of Decatur, Illinois, having done so because a certain ex-convict, a police informer, told him that said police department was going to pick up all men suspected of said murder between 20 and 40 years of age and subject them to the "third degree," excepting persons who voluntarily surrendered, and that such persons would be soon released without suffering any brutality, which was the only motive or reason for defendant to have so surrendered.

Instead of being released defendant alleges he was held incommunicado for the six days between his surrender and the date the indictment was returned. On that date he was arrested on the bench warrant issued thereon. During the aforesaid period defendant alleges he was not allowed to see his friends or relatives or have the assistance of counsel; that the State's Attorney's police and the sheriff's force subjected him to brutal and inhuman treatment; that he was handcuffed, with his hands behind his back, and then hung over an open door to force him to admit complicity in the murder; that he was then suffering from active tuberculosis and as a result of such treatment he had a lung hemorrhage but was denied medical aid, and that in consequence of all this he was forced to sign some kind of confession to a crime he had never committed, but which he signed to get away from the brutality of the police.

As to counsel, defendant alleges in his brief, that one was appointed by the court to act for him, but this statement is not borne out by the record, which shows that "on this 24th day of February A. D. 1948 come the People by the State's Attorney and the said defendant Eldred Terry in proper person and attended by his counsel John Morrow also comes, and the said defendant Eldred Terry by his counsel enters a motion to withdraw his plea of not guilty heretofore entered and to enter a plea of guilty and upon consideration thereof the court allows the said motion." It thus appears from the common-law record that the defendant appeared in court in person and by counsel. "In the absence of a bill of exceptions or report of proceedings at the trial, the only factual record before this court is that the defendant was represented by counsel, and there is nothing to show that such counsel was not of his own choice." (*People* v. *Orr,* 10 Ill.2d 95.) Even if it is assumed that counsel was appointed for defendant by the court to represent him, he makes no point or claim that such counsel was unfit, inexperienced or incompetent to look after the rights or interests of defendant in the handling of the instant case.

Based upon these allegations defendant contends it was error for the circuit court to permit him to be thus held incommunicado for six days, subjected to the brutality detailed, which resulted in his signing a confession as aforesaid. Defendant claims that this nullified his conviction and that it should be reversed upon the authority of *McNabb* v. *United States,* 318 U.S. 332, 87 L. ed. 819, upon which case, as defendant puts it, he "stands." That case, however, merely holds that convictions, based upon confessions secured by protracted and repeated questioning of ignorant and untutored persons in whose minds the powers of officers are greatly magnified, or who have been unlawfully held incommunicado without advice of friends and counsel, have been set aside by that court but then only

in cases where the conviction rests on *evidence* secured through such flagrant disregard of the rights of the accused.

In the instant case the conviction of defendant does not rest upon any confession of defendant. So far as the record shows there is no evidence of any written or oral confession whatever. The conviction in this case is based solely upon the plea of guilty of defendant to the crime of murder in the manner and form as charged in the indictment. None of the allegations of defendant hereinabove mentioned appear in the record. The contention that a confession was extorted from defendant is entirely unfounded and is not supported by anything in the record, and is predicated solely upon his uncorroborated personal statements. Issues raised thereon are not open to consideration by us in the absence of a bill of exceptions. Even if the alleged confession had been introduced it would have been used only as evidence in mitigation or aggravation of the offense and would not have affected the judgment upon a plea of guilty. *People* v. *Clifton,* 408 Ill. 475.

Defendant also contends that the People did not prove the *corpus delicti.* Such proof is unnecessary. By pleading guilty defendant waived any defect, not jurisdictional, (*People* v. *Popescue,* 345 Ill. 142,) and admitted all facts charged in the indictment. It was not incumbent upon the People to offer any proof. *People* v. *Nickols,* 391 Ill. 565; *People* v. *Devore,* 402 Ill. 340.

It is further contended by defendant that the trial court erred in failing to hold a hearing in respect to aggravation or mitigation of the offense as provided for by statute. (Ill. Rev. Stat. 1955, chap. 38, par. 732.) This provision is not for the purpose of determining the guilt or innocence of defendant but instead is for the purpose of determining the degree of punishment for a crime. (*People* v. *Popescue,* 345 Ill. 142.) This is a personal right of defendant and is waived if no request for a hearing is made by him. (*People* v. *Fleming,* 406 Ill. 389; *People* v. *Woods,* 2Ill.2d

240.) The record fails to show that defendant ever made a request for such a hearing.

We have examined the remaining contentions of defendant and find them equally without merit. The record in this case shows that the conviction of defendant is free of prejudicial error. Therefore the judgment is affirmed.

*Judgment affirmed.*