250

(No. 34179.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH WATSON, Plaintiff in Error.

*Opinion filed November 20, 1957.*

JOSEPH WATSON, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and BENJAMIN S. ADAMOWSKI, State's Attorney, of Chicago, (FRED G. LEACH, BRUCE E. KAUFMAN, L. LOUIS KARTON, and WILLIAM L. CARLIN, of counsel,) for the People.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

Joseph Watson pleaded guilty to the crime of burglary in the criminal court of Cook County, was convicted and sentenced to serve a term of one to ten years in the Illinois State Penitentiary. He prosecutes this writ of error on the common-law record only, contends that the sentence was

improper, and asks this court to remand the cause for proper sentence. Defendant urges that he was guilty of attempted burglary only and that his sentence should have been one to five years under section 37 of division I of the Criminal Code. Ill. Rev. Stat. 1953, chap. 38, par. 85.

The indictment, filed October 22, 1953, contained two counts, each of which charged that the defendant, on October 20, 1953, feloniously, burglariously, wilfully, maliciously and forcibly broke and entered a certain store building with intent to steal the personal property of certain persons located therein and that he did take, steal and carry away the articles specified. The second count further alleged that the defendant entered the building without force, the doors and windows being open.

The record shows that the defendant was duly arraigned and furnished with a copy of the indictment and a list of jurors and witnesses. Upon being advised that he was unable to employ counsel, the court appointed an attorney to represent him, and a plea of not guilty was entered. Later the defendant appeared in open court with his counsel, and by leave of court withdrew his plea of not guilty and entered a plea of guilty to the indictment. At this time the court explained the nature of the charge, the penalty provided by law for the commission of the offense, and admonished the defendant as to the possible consequences of his plea of guilty. The defendant persisted in his plea, which was entered of record, and sentence was then imposed.

Section 36 of division I of the Criminal Code provides: "Whoever willfully and maliciously and forcibly breaks and enters, or willfully and maliciously, without force (the doors or windows being open), enters into any dwelling house, * * * or other building, with intent to commit murder, robbery, rape, mayhem, or other felony or larceny shall be deemed guilty of burglary and be imprisoned in the penitentiary for any term of years not less than one year or for life." (Ill. Rev. Stat. 1953, chap. 38, par. 84.)

Section 37 provides: "Whoever shall attempt to break and enter any building, ship or vessel, with intent to commit the crime of murder, rape, robbery, larceny or other felony, shall be imprisoned in the penitentiary not less than one nor more than five years." Ill. Rev. Stat. 1953, chap. 38, par. 85.

The indictment was framed under section 36, rather than section 37, and burglary, and not attempted burglary, was charged. That being the case, the only judgment which could properly have been entered on the plea of guilty was one finding the defendant guilty of burglary. The sentence imposed by the court was within the limits prescribed by the statute for the offense of burglary and the record before us supports the judgment and sentence of the trial court.

The defendant has attempted to contradict and impeach the common-law record by statements in his brief and argument which suggest that he could be guilty of attempted burglary only, since he was arrested within the building; that counsel so advised him prior to his plea of guilty; and that after sentence, counsel promised to discuss this matter with the court and have the sentence reduced. Defendant infers that he understood that he was pleading guilty to attempted burglary and that his plea of guilty to burglary was not voluntarily made. These statements, entirely *dehors* the record, cannot be considered on this review and without them there is nothing of record upon which defendant can predicate error. (*People* v. *Brame,* 6 Ill.2d 412.) Where the alleged errors are without basis in the common-law record, they are not open to consideration in absence of a bill of exceptions. *People* v. *Sweeney,* 409 Ill. 223; *People* v. *Day,* 404 Ill. 268.

The common-law record alone being before us, we may not go beyond it in considering the errors assigned by the defendant. The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*