(No. 35381.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* THURMAN THOMPSON, Plaintiff in Error.

*Opinion filed May 18, 1960.*

THURMAN THOMPSON, *pro se.*

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and HILMER C. LANDHOLT, State's Attorney, of Decatur, (FRED G. LEACH, and JIM D. KEEHNER, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Thurman Thompson, was charged on an information, filed in the circuit court of Macon County, with the crime of burglary of the Foursquare Gospel Church in Decatur, Illinois, on June 13, 1957. Defendant appeared before the circuit court of Macon County on June 21, 1957, where counsel was appointed for him, whom defendant accepted. The court thereafter fully and thoroughly explained to defendant all of his rights to have his case presented to a grand jury and to trial, and the full consequences of a

plea of guilty. The defendant and his attorney acknowledged that defendant had read the information, knew and understood the charge thereof, waived the right to be held to answer for the offense on indictment by a grand jury, consented to prosecution by information, waived jury trial and pleaded guilty to the charge. The defendant was thereupon sentenced to the Illinois State Penitentiary for a term of not less than one year and not more than life, with one fixed as the minimum duration of imprisonment and ten years fixed as the maximum duration of imprisonment.

The defendant pursues this appeal claiming he was proved guilty of an entirely different crime, was permitted to plead guilty to a crime of a much more aggravated nature, that the defense counsel ineffectively represented him, and that the judgment and sentence were contrary to the evidence and law.

An examination of the record discloses that defendant was charged in the language of the statute defining burglary (Ill. Rev. Stat. 1957, chap. 38, par. 84,) which provides punishment of imprisonment in the penitentiary for any term of years not less than one year or for life. The defendant was fully and adequately admonished as to the consequences of his plea of guilty, which was fairly and understandingly made.

The information set forth sufficient facts to properly charge the crime of burglary, and the plea of guilty thereto admitted all of those facts well pleaded. (*People* v. *Claybrooke,* 15 Ill.2d 586; *People* v. *Brummett, 22* Ill. App. 2d 46.) By pleading guilty, defendant waived all defects in the information, not jurisdictional, (*People* v. *Terry,* 12 Ill.2d 56,) and it was unnecessary thereafter for the People to offer any evidence. *People* v. *Nickols,* 391 Ill. 565.

There is no indication in the record presented to this court that the plea of guilty was entered through deception or coercion, or reliance upon erroneous advice given by a court appointed defense attorney. In fact, the trial

court thoroughly inquired into this very matter exhaustively, and the defendant's own statements refute any such charge.

The defendant pleaded guilty to the charge and no evidence was offered by the People in order to prove defendant guilty. There can be no question of his having been proved guilty of a different crime than that charged in the information.

Defendant was correctly found guilty upon his plea to a valid information. His sentence is consistent with the statutory provision. The appointed counsel was accepted by the defendant in open court, and he acknowledged his satisfaction with his services. Defendant was adequately and effectively represented by able counsel. The judgment of conviction is affirmed.

*Judgment affirmed.*