(No. 35272.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES FISHER, Plaintiff in Error.

*Opinion filed January 20, 1961.*

James Fisher, *pro se*.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Hershey delivered the opinion of the court:

This case comes to us on petition for writ of error under Rule 65—1 to review the conviction of plaintiff in error, hereinafter called defendant, following a plea of guilty, in 1928 in the criminal court of Cook County for the crime of armed robbery. The case is presented to us on the common-law record, no bill of exceptions having been filed.

The common-law record shows that defendant was indicted by the grand jury for the crime of armed robbery, that he appeared at the arraignment with his counsel, that he was furnished a copy of the indictment, that he pleaded guilty to the charge, and that, having been fully advised by the court of the effect of such plea, he still persisted therein. He was sentenced to the penitentiary for a period of from one year to life.

Defendant makes numerous assignments of error, charg-- ing (1) that a confession was obtained from him through police brutality and a promise of probation, (2) that he was held by the police for an unreasonable time before being taken before a committing magistrate, (3) that he was de- nied his constitutional right to a jury trial, (4) that the court appointed incompetent counsel to represent him, (5) that the State's Attorney conspired to procure the plea of guilty, (6) that there was no official court reporter to prepare a transcript of proceedings, (7) that he was improperly ar- raigned, and (8) that he was not properly informed by the court of the consequences of his plea of guilty.

The first six contentions, as enumerated above, are based upon mere assertions contained in defendant's brief and are unsupported by anything in the record, no bill of exceptions having been filed. These contentions, therefore, cannot be considered. (*People* v. *Orr,* 10 Ill.2d 95.) Moreover, the plea of guilty waived all errors not jurisdictional. *People* v. *Terry,* 12 Ill.2d 56.

Defendant's claim that the lack of a transcript of the 1928 proceedings violates his constitutional rights is fore- closed by our decision in *People* v. *Berman,* 19 Ill.2d 579. His claim that he was not properly arraigned nor advised of the plea of guilty is refuted by the record, which recites that he appeared at the arraignment with his counsel, that he was furnished a copy of the indictment, that he pleaded guilty to the charge, and that, having been fully advised by the court of the effect of such plea, he still persisted therein.

Defendant's theory seems to be that the record fails to show that he was advised by the court of the effect of his plea of guilty because the inquiries of the court and defend- ant's replies thereto are not set forth in the common-law record. However, in 1928, at the time of the conviction, there was no statute or rule of court imposing any such re- quirement. Moreover, defendant was represented by coun- sel, and the record contains nothing to support the claim that

counsel was incompetent. The recitals in the record with reference to the explanation by the court of the effect of the plea of guilty are sufficient to sustain the conviction. *People v. Watson,* 12 Ill.2d 250.

For the reasons indicated above, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*