(No. 37747.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DALE EDWARD SCOTT, Plaintiff in Error.

*Opinion filed November 26, 1963.*

DALE EDWARD SCOTT, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield, and RALPH D. GLENN, State's Attorney, of Charleston, (FRED G. LEACH and E. MICHAEL O'BRIEN, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant was sentenced by the circuit court of Coles County to fifty years imprisonment on his plea of guilty to murder. Reversal is sought by defendant, appearing *pro se,*

on the basis of an arrest without a warrant, subsequent illegal detention and lack of counsel prior to arraignment, the total effect of which is said to constitute a denial of due process.

On June 5, 1959, Thomas Jesse Shanks was murdered during an attempted burglary, and Earl William Hanson, Billie Dean Pethtel and defendant were indicted therefor on June 19, 1959. Upon arraignment and in reply to questioning by the court, defendant stated he was not represented by counsel and desired the appointment of an attorney. This was his first request for counsel. The court then entered a plea of not guilty with the explicit understanding that counsel would be appointed and the plea could be withdrawn so as to permit filing of any desired motions. On July 2, prior to any further proceedings, counsel was appointed pursuant to section 2 of division XIII of the Criminal Code. (Ill. Rev. Stat. 1959, chap. 38, par. 730.) Thereafter, the plea of not guilty was withdrawn and motions to quash, suppress confessions and for separate trial were filed. Following prolonged hearings the court denied the motions to quash and to suppress the confessions, and the motion for a separate trial was allowed. On October 3 defendant appeared with counsel and entered a plea of guilty after a thorough examination and admonition by the court. At the subsequent hearing on aggravation and mitigation twelve days later the court heard stipulated evidence including defendant's confession and thereafter sentenced him to fifty years imprisonment, noting the fact that co-defendant Hanson, tried before a jury, had his punishment fixed at 199 years. Co-defendant Pethtel was subsequently sentenced to twenty-five years imprisonment at the conclusion of a bench trial.

No claim is here made that the quality of representation by defendant's counsel was lacking in any respect. The competency of the 30-year-old defendant to enter a plea of guilty is not challenged; in fact, a jury impanelled for the

purpose of determining defendant's competency found him sane, and this finding is not in issue. While we might infer from defendant's argument as to the illegality of his detention some question as to the admissibility of his confession, these statements were not used except as the result of a stipulation at the hearing on aggravation and mitigation. Defendant does not contend that his plea of guilty was induced by the existence of the confession.

It has been a common conclusion of this court that a plea of guilty, voluntarily and understandingly entered, waives all defects not jurisdictional, for the reason that the necessity to prove the factual situation is removed by defendant's admission of guilt. (*People* v. *Popescue,* 345 Ill. 142, 152; *People* v. *Terry,* 12 Ill.2d 56; *People* v. *Fisher,* 21 Ill.2d 142, 144.) Any question as to the propriety of defendant's arrest or subsequent detention is therefore eliminated where defendant has had the assistance of counsel since immediately after arraignment, and subsequently pleads guilty.

Defendant also alleges that he was denied complete representation by counsel. No obligation to appoint an attorney for defendant, as to whose competency no question is raised, existed prior to defendant's sworn statement of indigency. (Ill. Rev. Stat. 1959, chap. 38, par. 730.) This was first made at arraignment and counsel was thereupon appointed as promptly as competent representation could be secured. Any possible prejudice to defendant arising from the absence of counsel at arraignment was prevented by the court's conditional entry of a plea of not guilty.

Having considered the entire record and the particular errors complained of, we are convinced that the requirements of due process—those demanded by fundamental fairness—have been satisfied.

The judgment of the circuit court of Coles County is therefore affirmed.

*Judgment affirmed.*