(No. 38480.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
JOSEPH H. MILANI, Appellant.

*Opinion filed May 23, 1966.*

JOSEPH H. MILANI, *pro se.*

WILLIAM G. CLARK, Attorney General, of Springfield,
for the People.

Mr. JUSTICE HERSHEY delivered the opinion of the
court:

Defendant, Joseph H. Milani, appeals from a judgment of the circuit court of Williamson County wherein he was convicted of the murder of Mary Roberts and sentenced to the penitentiary for a term of 150 years. The claim that he was denied various constitutional rights and safeguards is the basis of our jurisdiction.

Upon arraignment it appeared that defendant was indigent and, with his consent, the public defender and another attorney were appointed to defend him. A plea of not guilty was entered and an ensuing jury trial progressed to a point where John Walter Devens testified for the prosecution that defendant had admitted the murder, and its details, in several conversations with the witness. Following a recess, defendant moved to change his plea to one of guilty and when he persisted therein after due admonition, the trial court accepted the substituted plea and pronounced sentence, the defense declining to offer evidence in mitigation.

Defendant now contends he was deprived of due process of law: (1) Because his appointed counsel were incompetent, particularly due to their failure to raise certain defenses; (2) because he was either insane or drunk, or both, when the crime was committed making him incapable of malice or intent; (3) because his plea of guilty was coerced by his own counsel acting in collusion with the State's Attorney; (4) because perjured testimony, *viz.*, that of Devens, was used to obtain his conviction; (5) because Devens was a surprise witness, (a claim directly contradicted by the record,) and because the court would not recess the trial until impeaching testimony could be obtained; (6) because defendant was deprived of the right to be present at every stage of his trial, (another claim refuted by the record;) and (7) because inflammatory newspaper, radio and television reports prior to trial "precluded anything but a guilty verdict."

A plea of guilty, voluntarily and understandingly en-

tered, obviates the need to introduce evidence against an accused and waives all defects and errors not jurisdictional. (*People* v. *Scott,* 29 Ill.2d 429; *People* v. *Terry,* 12 Ill.2d 56.) Thus, even if it were to be conceded that defendant's various claims have a basis in the record, it is quite obvious that he is in no position to make his present contentions, nor may we properly consider them, unless there is substance to his charge that his plea of guilty was coerced. (*People* v. *Thompson,* 19 Ill.2d 330; *People* v. *Fisher,* 21 Ill.2d 142; *People* v. *Smith,* 23 Ill.2d 512.) But other than unsupported statements in defendant's brief, there is nothing in the record which either establishes or suggests that the plea was involuntary or fraudulently obtained. Rather, it appears that defendant, in the presence of his own counsel and the State's Attorney, permitted the substituted plea to be presented without complaint or contradiction and persisted therein though admonished by the court. Further, the record affirmatively shows the purpose of the guilty plea was to "throw" defendant on the mercy of the court in an effort to avoid the death penalty.

Relying upon decisions holding that the trial of an accused while insane is a violation of due process, defendant also asserts that his rights were infringed upon because his plea of guilty was accepted without a sanity hearing. Once again, however, the matters advanced in support of this contention are completely *de hors* the record. We have consistently held that a sanity hearing prior to or during trial is required only when there exists a *bona fide* doubt as to the defendant's sanity, and that the trial court is clothed with discretion to determine whether the circumstances of a particular case require such a hearing. (*People* v. *Milligan,* 28 Ill.2d 203; *People* v. *Baker,* 26 Ill.2d 484.) Nothing in the record here, which reflects that defendant knew and understood the charge against him and co-operated with his counsel, permits us to conclude that the trial court abused its discretion or deprived defendant of his rights in this case.

Equally without merit are defendant's contentions that he was denied his constitutional right to a speedy trial, and that he was entitled to discharge because he was not tried within four months of the date of his arrest. (Ill. Rev. Stat. 1959, chap. 38, par. 748.) Not only does the record show that all delay was at the instance of defendant and that he failed to invoke the statute and demand his release in the trial court, but the right to a speedy trial is a personal one, which may be waived, and was waived in this case by the guilty plea. *People* v. *Sweeney*, 409 Ill. 223; *People* v. *Lantz*, 387 Ill. 72.

Finally, defendant contends he has, and is, being denied due process of law because the transcript of the "trial testimony" in the record furnished him for appeal purposes is allegedly incomplete and inaccurate. In light of defendant's substituted plea of guilty and its effect, the claim of inaccuracy and incompleteness in the "trial testimony" can be of no consequence on appeal. *Cf. People* v. *Terry*, 12 Ill.2d 56; *People* v. *Wilfong*, 19 Ill.2d 406.

The judgment of the circuit court of Williamson County is affirmed.

*Judgment affirmed.*