THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AMOS McKINNEY, Defendant-Appellant.

(No. 57933; )

First District (4th Division)—May 9, 1973.

James J. Doherty, Public Defender, of Chicago, (John E. Hughes, Assistant Public Defender, of counsel,) for appellant.

No brief filed.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Amos McKinney, appeals from a judgment of the Circuit Court of Cook County sustaining the State's motion to dismiss his post-conviction petition. Amos McKinney pleaded guilty to violation of

probation on April 7, 1971, and was sentenced to three to five years in the Illinois State Penitentiary. On May 24, 1971, he pleaded guilty to eight indictments and was sentenced to three to eight years on each, such sentences to run concurrently with the sentences imposed for probation violation.

On February 7, 1972, the defendant filed an amended post-conviction petition asserting that he was misled and induced to enter pleas of guilty in return for a sentence of one to two years, rather than the longer sentences he received. He also maintained he was denied the right to make restitution, was denied copies of the transcript of the hearing of April 7, 1971, and was arrested without a warrant for the crimes charged.

The State filed a motion to dismiss on the grounds the petition failed to raise any constitutional questions within the meaning of the act, the allegations were bare allegations and not sufficient to require a hearing, a plea of guilty waived all errors or irregularities not jurisdictional, and the transcript established that the defendant willingly, knowingly, intentionally and voluntarily pleaded guilty. After the trial court heard arguments it sustained the State's motion to dismiss the defendant's petition.

The defendant chose to appeal and the Public Defender was appointed to defend him. The Public Defender now asks leave of this court to withdraw from the case pursuant to the case of *Anders v. California,* 386 U.S. 738, and has filed a brief in support of his motion. He states the only possible issues on appeal are whether the trial court fully admonished the defendant as to the significance and consequences of his change of plea from not guilty to guilty, and whether the defendant entered his plea based upon misrepresentation of his counsel.

Section 115—2 of the Illinois Criminal Code (Ill. Rev. Stat., ch. 38, § 115—2) makes provision for when the court may accept a plea of guilty:

"(a) Before or during trial a plea of guilty may be accepted when:
(1) The defendant enters a plea of guilty in open court;
(2) The court has informed the defendant of the consequences of his plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea."

Supreme Court Rule 402 provides in part that a trial judge must admonish the defendant with respect to his understanding of a guilty plea and state the results of any tentative plea agreements reached by the parties which contemplate a plea of guilty in the expectation that a specified sentence will be imposed. In the case at bar the court admonished the defendant, in part, as follows:

"THE COURT: Mr. McKinney, your lawyer has indicated that

you wish to change your plea from not guilty to guilty &ast; &ast; &ast; is that correct?

THE DEFENDANT: Yes.

THE COURT: You know, of course, Mr. McKinney, you have a right to plead not guilty?

THE DEFENDANT: Yes.

&ast; &ast; &ast;

THE COURT: Furthermore, you are aware there has been a conference between your lawyer, the State's Attorney and the Court in this case?

THE DEFENDANT: Yes.

THE COURT: And you have been told by your lawyer the results of that conference?

THE DEFENDANT: Right.

THE COURT: And were you told that your pleading guilty, of course, are you not, because in fact you are guilty?

THE DEFENDANT: Was I told—repeat that?

MR. PATT [The defendant's attorney]: You are pleading guilty because you are guilty.

THE COURT: You are pleading guilty because you are in fact guilty?

THE DEFENDANT: Yes.

THE COURT: In consequence were you told by your lawyer that on your plea of guilty because in fact you are guilty the Court would sentence you to a term of a minimum of three and a maximum of eight years on each indictment to run concurrently?

THE DEFENDANT: Right."

These statements in the record show that the defendant was appropriately admonished and had ample opportunity to mention any promise of a lesser sentence, but he did not. After reading the entire record, we conclude the trial court complied with the statute and Supreme Court Rule 402.

The defendant also contends his failure to make restitution on the original charge was the basis of his probation revocation in violation of the Illinois Constitution, and that he was arrested without a warrant. However, the trial judge explicitly stated that the revocation of probation was based on his repeated criminal acts while on probation, and it is well settled that a properly accepted plea of guilty operates as a waiver of all defects and errors which are not jurisdictional. *People v. Scott* (1963), 29 Ill.2d 429; *People v. Evans* (1967), 37 Ill.2d 27.

The defendant received a copy of the Public Defender's motion and brief and was also sent a letter on February 13, 1973, advising him he had

an opportunity to file any arguments and authority in support of his appeal in this court within 40 days. He has neither responded by letter nor filed anything in support of his petition. After an examination of the record, we conclude the Public Defender is correct and there is no merit to this appeal. The motion of the Public Defender to withdraw as counsel for the defendant is allowed, and the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.