**Antranik PAROUTIAN, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 134, Docket 30476.**

United States Court of Appeals
Second Circuit.

Argued Oct. 19, 1966.

Decided Jan. 3, 1967.

Robert J. Carluccio, New York City, for appellant.

George L. Barnett, Brooklyn, N. Y. (Joseph P. Hoey, U. S. Atty. for Eastern Dist. of New York, on the brief), for appellee.

Before WATERMAN, HAYS and ANDERSON, Circuit Judges.

HAYS, Circuit Judge:

This is an application by a federal prisoner for a writ of habeas corpus. The district court properly treated the application as a motion under 28 U.S.C. § 2255. See Ray v. United States, 295

---

F.2d 416 (10th Cir. 1961), cert. denied, 369 U.S. 875, 82 S.Ct. 1146, 8 L.Ed.2d 278 (1962). We affirm the district court's denial of the motion.

Appellant was convicted of dealing in narcotics in violation of 21 U.S.C. § 174. The conviction was affirmed, 319 F.2d 661 (2d Cir. 1963), cert. denied, 375 U.S. 981, 84 S.Ct. 494, 11 L.Ed.2d 426 (1964).

■ While appellant was incarcerated in the Federal House of Detention in New York City awaiting trial he shared a cell with one Luis DeAlmeida who was held on an entirely unrelated charge. DeAlmeida told the Federal authorities that appellant had made several incriminating statements to him and offered to testify against appellant. Appellant now contends that DeAlmeida's testimony should have been excluded. He argues that the government's use of this testimony deprived him of his Sixth Amendment right to counsel since, although he had already been indicted and had retained counsel, the incriminating statements to which DeAlmeida testified were made in the absence of counsel. For the proposition that under these circumstances the evidence of incriminating statements was inadmissible, appellant cites United States v. Massiah, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

But in *Massiah* the Court said:

"We do not question that in this case, as in many cases, it was entirely proper to continue an investigation of the suspected criminal activities of the defendant and his alleged confederates, even though the defendant had already been indicted. All we hold is that the defendant's own incriminating statements, obtained by federal agents under the circumstances here disclosed, could not constitutionally be used by the prosecution as evidence against him at his trial." 377 U.S. at 207, 84 S.Ct. at 1203.

As we read *Massiah* the decision turns upon the fact that the situation in which Massiah made the admissions introduced against him constituted "interrogation by a government agent," 377 U.S. at p. 206, 84 S.Ct. at 1203, and was the equivalent of "interrogation by the police," 377 U.S. at p. 204, 84 S.Ct. at 1202.

In the present case the trial court examined the evidence as to the admissibility of DeAlmeida's testimony and expressly found that the government did not assign DeAlmeida to appellant's cell and that appellant's admissions to DeAlmeida were voluntarily made. We accept these findings. It is clear that DeAlmeida was not a government agent at the time that appellant made the incriminating statements to which DeAlmeida testified and that appellant was not subjected to interrogation.

We are certain that in deciding *Massiah*, the Supreme Court did not intend to hold that all those to whom indicted persons make admissions become *ipso facto* government agents and that nobody to whom defendants in criminal cases make incriminating statements can testify to those statements unless counsel was present when the statements were made.

The basic purpose of the holding in *Massiah* was to prevent the government's interrogating persons under indictment who had already retained counsel, in the absence of their counsel. The requirement of the presence of counsel whenever indicted persons talk indiscreetly to third parties could not have been in the Court's mind and would not contribute to the accomplishment of its purpose.

In view of the reasoning by which we have reached our decision, it is unnecessary for us to pass upon the issue of the retroactivity of the *Massiah* case.

Affirmed.