LEAVER *v.* STATE OF INDIANA.

[No. 31,159. Filed June 12, 1968.]

*Daniel B. Burke, Jr.,* of New Albany, for appellant.

*John J. Dillon,* Attorney General, and *Murray West,* Deputy Attorney General, for appellee.

PER CURIAM.—Appellant was convicted of murder in the first degree after a trial by jury in the Floyd Circuit Court

and was sentenced to be imprisoned in the Indiana State Prison for and during his natural life.

The appellant, in his assignment of errors, urged that the trial court erred in overruling his motion for a new trial. The argument was addressed to three basic issues. First, the appellant claimed the lower court erred in overruling his motion in admitting into evidence certain photographs made of the accused; second, the lower court erred in admitting into evidence a letter of communication allegedly written by the appellant; lastly, the appellant claims the verdict was contrary to law and not sustained by sufficient evidence.

The facts, by way of summary are these: a young lady, Anita Christine Barmore, hereinafter referred to as the deceased, was found dead in the early morning of November 8, 1962, on the edge of a field on a farm located on Route 2, Charlestown, in the State of Indiana.

There was testimony by a witness that on November 7, 1962, between 9:30 and 10:00 P.M. the deceased was seen in a car with a man who resembled the defendant. There was further testimony by another witness that at 10:00 P.M. on the evening of November 7, 1962, the appellant was seen driving a car with the deceased as a passenger. The witness stated that she clearly saw appellant's face which was free of scratch marks. The same witness testified that on the next morning, November 8, 1962, while serving doughnuts and coffee to the appellant at the service station where he was employed, the witness observed scratch marks on the appellant's face, and that he was observed to be nervous. The witness further testified that, at that time, the appellant stated that he had blood on his pants and asked the witness to get the blood out of them. The witness further testified that when she inquired what had happened, she was told to shut up, and that she was threatened and her children were threatened.

There was further testimony that the tire treads of appellant's car and plaster casts made of tire prints at the scene

of the murder were identical in composition. The witness testified this was an unusual type of tire tread.

An autopsy on the body of Anita Christine Barmore, the deceased, was conducted at 10:00 P.M. on November 8, 1962. The pathologist testified that she had been dead at least eight (8) hours, and probably between eight (8) and thirty-six (36) hours. The pathologist testified the left breast had been amputated, most of the pubis, the skin of the pubis and the vulva had been excised. The pathologist further testified that the deceased died as the result of strangulation. A police officer, on November 10, 1962, after serving appellant with a search warrant for his automobile and apartment, testified that there were severe scratch marks on both sides of appellant's face. A picture of the deceased at that time was shown to the appellant who represented that he did not know her and never saw her before. There was testimony that the deceased had been seen with appellant in the service station where he worked and that the deceased had brought the appellant sandwiches at the said station. It was appellant's contention that the scratches on his face came as the result of a car accident on November 6, 1962, and that his face scratches resulted from being thrown forward with his face striking the steering wheel and window of his car. There was testimony that the type of scratches appellant described could not be received by the type of accident claimed by the appellant.

There was testimony that on November 10, 1962, when appellant's car was examined in a parking lot, fecal matter on the rear floor and the rear door of the car was found, as well as on the right front floor of the car. There was testimony that the ligature marks on the neck of the deceased were similar to the imprint of the piece of plastic covered twine found in the trunk of appellant's car. There was testimony that the clothing of the deceased contained fecal matter and that the hair found in appellant's car was comparable in structure with the hair of the deceased. The nails of the deceased were broken on the right ring finger, the right middle finger, the left middle

finger and the left ring finger. Scrapings contained some blood and tissue. Appellant was found with severe scratch marks on his face on the morning after the murder and these scratches were not there the night before the murder.

There was testimony that a white bath towel bearing the imprint "Hospital Property" was found at the scene of the murder. There was further testimony that appellant had white towels in his car with the imprint "Hospital" on them. There was further testimony the towel found at the scene of the murder had blood stains that were the type of blood of the deceased. There was testimony that appellant wore a black rubberized raincoat, and a black raincoat was found at the scene of the murder with blood on it of the same type as the deceased.

There was testimony that part of deceased's body had been amputated and there was further testimony that appellant kept a knife in his car. There was offered as an exhibit a communication written by the appellant to a female prisoner in which appellant stated that he was guilty.

The evidence produced by the state is of such sufficiency to comply with the general rule of this state that a conviction will be sustained if there is evidence of the facts essential to support the judgment; *Mathews* v. *State* (1967), 10 Ind. Dec. 715, 228 N. E. 2d 1 [248 Ind. 563]. On appeal this court will consider only the evidence most favorable to the state together with all the reasonable inferences to be drawn therefrom. *Fisher* v. *State* (1966), 9 Ind. Dec. 108, 219 N. E. 2d 818 [247 Ind. 529]; *Donaldson* v. *State* (1952), 231 Ind. 434, 108 N. E. 2d 888. The Supreme Court on appeal will not weigh the evidence or the credibility of witnesses; *Stock* v. *State* (1966), 9 Ind. Dec. 121, 219 N. E. 2d 809 [247 Ind. 532].

State exhibits Nos. 17 and 18 are photographs of the appellant; one shows a right side view and the other shows a left side view, indicating scratch marks on both sides of appellant's face taken on Saturday evening, November 10, 1962,

at approximately 6:30 P.M. These are not "mug shots." The appellant is wearing a jacket on which the word "Manager" is visible.

The testimony was given that the posing for the photographs was voluntary by the defendant. Objection by the appellant's attorney was made on the grounds that the photographs were not the result of free voluntary consent, and were through coercion. The court overruled the objection. The cross-examination by the appellant's attorney elicited from the witness that at the time the pictures were taken, defendant was not under arrest. On his appeal the appellant has argued that the admittance into evidence of said pictures was in error because he was not advised "that he had a right to remain silent; that any statement he might make may be used as evidence against him; and that he had a right to the presence of an attorney, either retained or appointed," citing *Miranda* v. *Arizona* (1966), 384 U. S. 436, 86 S. Ct. 1602, and *Escobedo* v. *Ill.* (1964), 378 U. S. 478, 84 S. Ct. 1758. We do not believe *Miranda* v. *Arizona, supra,* which appellant has cited, is in point. This refers only to statements taken from the accused when the accused is deprived of his freedom.

It is the law in this state that where evidence is received over accused's objection, accused cannot, on appeal, urge for the first time other or different objections; *Gernhart* v. *State* (1954), 233 Ind. 470, 120 N. E. 2d 265.

In *Meredith* v. *State* (1966), 7 Ind. Dec. 692, 214 N. E. 2d 385 [247 Ind. 233], the court concluded that where oral testimony is competent to describe the facts, a picture is competent to describe the same details. Furthermore, in 8 I. L. E. *Criminal Law,* Sec. 159, page 261, it is stated as follows:

"Generally a photograph which has been proved to be a true representation of a person, place or thing which it purports to represent is competent evidence of anything of which it is competent for a witness to give a verbal descrip-

tion, because a witness may describe in words what he saw and supplement his testimony with photographs."

In the case at bar there was testimony by witnesses that scratches on both sides of appellant's face had been observed. The pictures introduced by the state show the same.

State's exhibit No. 28 was written on a paper towel by the appellant to a female prisoner while appellant was in jail. In this communication the appellant used the phrase, "I am guilty." There was expert testimony by a qualified handwriting expert that the writing on the note was appellant's handwriting. The attorney for the appellant objected to the admission of said evidence "on the ground that the proof of the handwriting expert was not sufficient to the proper introduction of the letter when the state had means to produce the party to whom the letter was written as well as the party who received the letter and turned it over to the sheriff." On the appeal the attorney for the appellant urges that the evidence was improperly admitted because of the failure of the trial court to conduct a preliminary hearing on voluntariness prior to the admission into evidence. *Gernhart* v. *State, supra,* again applies. The appellant again cites the *Miranda* case, *supra,* to support his contention that the exhibit was not admissible. We believe the *Miranda* case, *supra,* is not applicable and does not apply to statements given to persons who are not officers of the law.

There has been no precedent in Indiana in this regard. There is, however, a recent case of *Schaumberg* v. *State* (1967), 432 P. 2d 500 arising in the State of Nevada. This case involved an admission by a gambling casino employee to his supervisor. The court held the statement was admissible since it was voluntary and not a product of coercion.

In the case of *People* v. *Hays* (1967), 58 Cal. Rptr. 241, an admission by defendant to his girl friend was permitted by the court. The court citing both *Escobedo* v. *Ill., supra,* and *Miranda* v. *Arizona, supra,* distinguished the admission by the defendant as being given not under threat or coercion. The

holding in these cases is applicable to the written exhibit No. 28 which the trial judge admitted into evidence after considering the facts and circumstances in connection therewitth.

The judgment of the trial court is affirmed.

Jackson, J., concurs in result; Mote, J., not participating.

NOTE.—Reported in 237 N. E. 2d 368.