UNITED STATES of America ex rel. Joseph H. MILANI, Petitioner-Appellant,

v.

Frank J. PATE, Warden, Respondent-Appellee.

No. 17672.

United States Court of Appeals, Seventh Circuit.

April 2, 1970.

J. Edward Thompson, Robert F. Ward, Richard M. Calkins, Chicago, Ill., for petitioner-appellant.

William J. Scott, Atty. Gen., Thomas J. Immel, Asst. Atty. Gen., Chicago, Ill., for appellee, Joel M. Flaum, Asst. Atty. Gen., of counsel.

Before CASTLE, Senior Circuit Judge, KILEY and KERNER, Circuit Judges.

CASTLE, Senior Circuit Judge.

Petitioner appeals from the dismissal by the district court of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner was convicted in the Circuit Court of Williamson County, Illinois, of the crime of murder, and sentenced to 150 years imprisonment, said sentence to run concurrently with a prior 40 year federal sentence. The Supreme Court of Illinois affirmed the judgment of conviction, People v. Milani, 34 Ill.2d 524, 216 N.E. 2d 816 (1966), but the United States Supreme Court reversed due to the refusal of the Supreme Court of Illinois to appoint counsel on appeal, Milani v. Illinois, 386 U.S. 12, 88 S.Ct. 874, 17 L.Ed. 2d 702 (1967). On remand, counsel was appointed and a full appeal was taken, resulting in an affirmance. People v. Milani, 39 Ill.2d 22, 233 N.E.2d 398 (1968) cert. den. 393 U.S. 865, 89 S.Ct. 148, 21 L.Ed.2d 134.

On appeal, petitioner contends, as he did before the state court, that the holding in Massiah v. United States, 377 U. S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), requires reversal of his conviction. The contentions supporting this claim relate to the admission into evidence of certain incriminating statements made by defendant to a fellow inmate at Leavenworth Federal Penitentiary, where petitioner was being held prior to trial.[1] In the latter part of January, 1961, petitioner made an incriminating statement to inmate James Devens, from whom petitioner sought legal advice, and who, on February 2, reported the statement to the Federal Bureau of Investigation. The State claims that this was the only incriminating statement admitted at trial. Petitioner claims that Devens' testimony at trial related to a series of conversations which took place over a two month period, after the F.B.I. had been informed of the first such statement.

In Massiah, supra, the Supreme Court held that self-incriminating statements deliberately, although surreptitiously, elicited from an indicted defendant, taken in the absence of counsel, were violations of the defendant's right to counsel under the Sixth Amendment, and thus inadmissible at trial.[2] Such statements are inadmissible whether they are taken by the police or by an informant working as an agent of the police, regardless of the voluntariness of the statement. See Beatty v. United States, 389 U.S. 45, 88 S.Ct. 234, 19 L. Ed.2d 48 (1967) (per curiam). In Hancock v. White, 378 F.2d 479, 482 (1st Cir. 1967), the Court, citing McLeod v. Ohio, 381 U.S. 356, 85 S.Ct. 1556, 14 L. Ed.2d 682 (1965), held:

"[T]he Massiah rule is not limited to Massiah 'circumstances' but applies to exclude post-indictment incriminating statements of an accused to government agents in the absence of counsel even when not deliberately elicited by interrogation or induced by misapprehension engendered by trickery or deception."

1. Thirty-two witnesses had testified against petitioner prior to the admission of these statements. However, upon the admission of the testimony in question, petitioner changed his plea from not guilty to guilty.

2. Since petitioner's direct appeal to the Supreme Court of Illinois was pending at the time the Massiah decision was handed down, the rule announced therein is applicable to the instant case. McLeod v. Ohio, 381 U.S. 356, 85 S.Ct. 1556, 14 L.Ed.2d 682 (1965) (per curiam).

In the instant case, we are of the opinion that the testimony in question does not fall within the *Massiah* rule since Devens was never an agent of the police or the F.B.I. The state court record, excerpts of which were filed by petitioner with the district court,[3] discloses that Devens was in contact with the F.B.I. from February 2, 1961, through the time of trial and that he reported to the F.B.I. every time petitioner said something to him. On cross examination, the following colloquy took place between defense counsel and Devens:

"A. Well they asked me what our conversation was and I told them every word that Joe said.

Q. And then what did they say to you?

A. What did they say to me? They didn't say nothing until I got further information.

Q. Did they tell you to get further information?

A. They instructed me to do nothing.

Q. Was that their instruction or did they tell you to do nothing?

A. What I did was on my own; it was not their instructions.

Q. At no time?

A. At no time, no sir.

Q. You were just a messenger boy on your own?

A. That's right, yes sir."

In our opinion, this evidences something less than that degree of police participation in an interrogation to which *Massiah* was directed. The statements in question in the instant case were not elicited from petitioner by the police, but rather were volunteered by petitioner to a fellow inmate—a confidant—who was not under police instructions to do anything. The only role the police played was that of a passive receiver of information relayed to them by an informer working entirely independently of the police. Thus, the record supports the conclusion of the Supreme Court of Illinois (39 Ill.2d at 28, 233 N.E.2d at 402):

"This case is decisively dissimilar from *Massiah* in that the informer here was not placed in geographic proximity with the indicted defendant by prosecution agents who sought to surreptitiously elicit self-incriminating admissions in the absence of defense counsel. On the contrary it was Milani who approached Devens for self-seeking purposes, and while the recapitulation of a damaging confession might amount to a betrayal of an ostensible friendship, we know of no rule of evidence which is thereby violated. The *Massiah* case 'did not intend to hold that all those to whom indicted persons make admissions become *ipso facto* government agents and that nobody to whom defendants in criminal cases make incriminating statements can testify to those statements unless counsel was present when the statements were made.' (Paroutian v. United States (2d Cir.) 370 F.2d 631, 632.) We therefore hold that *Massiah* may not be invoked to make inadmissible a post-indictment confession indiscreetly made to a

3. Petitioner has contended on appeal that the district court did not have the state court record before it. In United States ex rel. Worlow v. Pate, 411 F.2d 972 (7th Cir. 1969), this Court held that, under Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), a district court could not defer to a state court's findings of fact under 28 U.S.C. § 2254(d) without having before it the state court record to determine whether a "full and fair hearing" was held in the state courts. In the instant case, petitioner filed with his petition before the district court the "Excerpts from Record" which had been filed in his appeal before the Supreme Court of Illinois. While we believe it to be preferable practice for the district court to have before it the full state court record when ruling on a petition for habeas corpus, we are of the opinion that in the instant case no prejudice resulted from the court's consideration of the excerpts, since the issues presented by the petition were fully covered in those excerpts.

fellow inmate who is not at the time an agent of the prosecution. Paroutian; People v. Teale, 63 C.2d 178, 45 Cal.Rptr. 729, 739–740, 404 P.2d 209."

█ Additionally, we find that the record was sufficient to support the finding of the Supreme Court of Illinois that Devens' testimony related only to petitioner's confession made "before [Devens] had any connection with the Federal Bureau of Investigation." 39 Ill.2d at 27, 233 N.E.2d at 402. While the record is not as clear on this point as it could be, we do not feel that it is the proper function of the federal courts to engage in second-guessing the findings of fact made by the State courts after a petitioner has been afforded his full due process rights. "Unless a vital flaw be found in the process of ascertaining such facts in the State court, the District Judge may accept their determination in the State proceeding and deny the application [for habeas corpus]." Brown v. Allen, 344 U.S. 443, 506, 73 S. Ct. 437, 446, 97 L.Ed. 469 (1953) (opinion of Frankfurter, J.). We find no such flaw in the instant case.

Since we have dealt with petitioner's contentions on their merits, we find it unnecessary to discuss the correctness of the district court's alternative holding that petitioner's voluntary plea of guilty waived his constitutional claims. Similarly, our holding that Devens' testimony was properly admitted into evidence disposes of petitioner's argument that a hearing should be held to determine the voluntariness of his guilty plea which he asserts was coerced by that testimony.

For the foregoing reasons, the judgment of the district court dismissing petitioner's petition is affirmed.

The Court expresses its appreciation to Richard M. Calkins, J. Edward Thompson, and Robert F. Ward, members of the Chicago, Illinois, bar, for their excellent services on appeal as court-appointed counsel for petitioner.

Affirmed.

KERNER, Circuit Judge (concurring in the result).

I agree with my brethren that the Supreme Court has not limited Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), to the special facts in that case and that all statements to law enforcement agents after indictment are inadmissible. McLeod v. Ohio, 381 U.S. 356, 85 S.Ct. 1556, 14 L. Ed.2d 682 (1965); United States ex rel. O'Connor v. State of New Jersey, 405 F.2d 632 (3d Cir. 1969). However, I have difficulty with the court's conclusion here that Devens did not become an agent of the F.B.I. after their first meeting. While the F.B.I. did not solicit Devens and did not encourage him to continue his relationship with Milani, they were certainly receptive to his further statements. An agency relation need not be verbally expressed. Silence alone, is sufficient to make one an agent. The whole philosophy of *Massiah*, see my dissent in Davis v. Burke, 408 F.2d 779, 791 (7th Cir. 1969), is undermined by the majority's approach.

We agree with the court that there is sufficient evidence to support the Illinois Supreme Court's finding that Devens' testimony only related to Milani's confession prior to Devens' first meeting with the F.B.I., 39 Ill.2d 22, 25, 233 N.E.2d 398 (1968), 28 U.S.C. § 2254(d), and I would affirm the conviction on this basis.