WILLIAM HENRY LUCKETT *v.* STATE OF INDIANA.

[No. 1-773A132. Filed November 27, 1973.]

*Malcolm G. Montgomery,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant (Luckett) was charged by affidavit with the crime of second degree burglary. Trial was had, with the jury returning a verdict of guilty of entering to commit a felony. Judgment was rendered thereon and defendant-appellant was sentenced to imprisonment for not less than one year nor more than five years.

Luckett timely filed his motion to correct errors, which was overruled by the court.

The evidence most favorable to the State discloses that a garage which was being rented and occupied jointly by the victims, Robert Bell, Carl Kueblex, Larry Owens, Charles Broyles, Mike Howington, and John Blesch, was broken into during the night of August 28, 1972. The garage had been locked earlier in the evening, and a window had been broken to gain entrance. A variety of automobile parts and accessories were taken.

One of the victims, Robert Bell, suspected that the defendant-appellant was responsible, at least in part, for the break-in and began his own investigation, along with other occupants. Bell and Kueblex were among those who questioned Luckett during the next two or three days and Luckett confessed to them of his part in the break-in. Many of the parts taken from the garage were found, including certain parts which were directly linked to Luckett.

The first issue raised by the motion to correct errors is whether the court erred in allowing the State of Indiana to introduce into the trial the purported confession of the defendant. Luckett argues that he was induced to give the statement to certain civilian witnesses who were acting with the knowledge and under the direction of police officers.

The evidence of the confession given by Luckett was introduced by Robert Bell and Carl Kueblex, occupants of the building which was burglarized. Objection was made when Mr. Bell attempted to give testimony relating to the alleged

confession. The objections were overruled and Mr. Bell was allowed to testify.

Luckett contends that before a confession is admissible, it must be freely and voluntarily given, without duress or inducement. Basically, Luckett argues that the pre-interrogation warnings as set out in *Miranda* v. *Arizona* (1966), 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694, were not given and his constitutional rights were violated.

The State of Indiana correctly points out that the *Miranda, supra,* guidelines speak to confessions given to law enforcement officers. However, *Miranda, supra,* warnings need not be given by civilians conducting their own investigation. Our Supreme Court held, in the case of *Trinkle* v. *State* (1972), 259 Ind. 114, 284 N.E.2d 816, 818, 819, as follows:

> ". . . In the instant case, however, the confession was not given to a law enforcement officer and therefore, the *Miranda* requirements were not necessary. The admissibility of the confession to a private individual and the additional evidence gained therefrom are not proscribed thereby.
>
> *  *  *
>
> In matters of constitutional protection we have held that in certain instances private citizens may act when police officers may not act. . . ."

The evidence discloses that while Mr. Bell was the son of a law enforcement officer, his father did not direct his actions. Mr. Bell testified as follows:

> "Q. Did he [Mr. Bell's father] ever offer any assistance or any help to you telling you what to do while you were investigating this case?
> A. No, Sir."

The evidence most favorable to the State discloses that the victims of the break-in were acting on their own initiative as private citizens and were not under police control, were not agents of the police, and were not acting at the direction of police officers.

An analogous situation would be found in the area of search and seizure, as it relates to constitutional guarantees. Our Supreme Court, in the case of *Smith* v. *State* (1972), 258 Ind. 594, 283 N.E.2d 365, stated:

"This Court has recently reaffirmed the principle that the Fourth Amendment protection against unreasonable searches and seizures does not apply to searches conducted by private citizens when they are not acting as agents of police authorities. See *Gunter* v. *State* (1971), [257] Ind. [646], 275 N.E.2d 810." See, also, *Zupp* v. *State* (1972), 258 Ind. 625, 283 N.E.2d 540.

It is our opinion that Luckett's constitutional rights were not violated by the admission into evidence of his confession given to private citizens.

The second issue presented on appeal is whether the court erred in giving to the jury State's tendered Instruction No. 1, which is as follows:

"You are further instructed that the State is not required to make proof of felonious intent, as a fact, by direct and positive evidence. The State is only required to produce such evidence as will satisfy the jury beyond a reasonable doubt that the crime charged was committed by the defendant with the felonious intent charged in the affidavit. A determination of the defendant's intent may be arrived at by the jury from a consideration of the defendant's conduct and the natural and usual sequence to which such conduct logically and reasonably points."

Luckett contends that said instruction was mandatory and told the jury that the State had proved its case and that Luckett was guilty. Luckett argues that the instruction invades the province of the jury.

Intent may be inferred from circumstances that legitimately permit such an inference. *Coleman* v. *State* (1971), 257 Ind. 439, 275 N.E.2d 786; *Combs* v. *State* (1973), 260 Ind. 294, 295 N.E.2d 366.

It is our opinion that the instruction correctly states the

law of Indiana. Said instruction is clearly not mandatory and leaves the question of intent to be decided by the jury and the instruction was properly given to the jury.

Other specifications of error not discussed in the brief of appellant are deemed waived. Rule AP. 8.3 (A) (7).

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 303 N.E.2d 670.