SMITH, Judge.
Dismukes appeals from judgments of conviction entered on jury verdicts that Dismukes knowingly received four stolen pianos. The most incriminating evidence adduced against Dismukes was a tape recording of his own words spoken over the telephone to Franklin Willis, who sold Dis-mukes the stolen pianos. Willis initiated and recorded the conversation by prior arrangement with the prosecuting authorities and in hopes of obtaining immunity or leniency for his own offenses. With a State agent standing by and State recording equipment in operation, Willis placed the telephone call and elicited the incriminating statements which the State desired. Dismukes had previously been charged by information and had engaged counsel to assist in his defense.
After an accused has been charged and has retained counsel whose assistance he does not knowingly waive, the Sixth and Fourteenth Amendments proscribe the taking of incriminating statements from him by the deception of an accomplice acting as an agent of the State. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964); Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). Evidence that Dis-mukes’ attorney had advised Dismukes to talk with Willis to obtain proof that the pianos were not stolen does not alter the result. Dismukes on counsel’s advice might thereby assume the risk that Willis, though not then a State agent, would record the conversation and afterwards barter it to the State for leniency [United States ex rel. Milani v. Pate, 425 F.2d 6 (7th Cir. 970), cert. den., 400 U.S. 867, 91 S.Ct. 109, 27 L.Ed.2d 107 (1970)], but counsel did not knowingly submit Dismukes to direct State efforts, through an agent, to interrogate and elicit incriminating statements. Massiah v. United States, 377 U.S. at 206, 84 S.Ct. 1199.
Neither the tape nor Willis’ testimony about the conversation was admissible. Other sufficient evidence incriminating Dismukes prevents his discharge. The case will be remanded for a new trial.
Reversed.
McCORD, Acting C. J., and MILLS, J., concur.