DIETER LUDWIG YATES *v.* STATE OF INDIANA.

[No. 976S326.  Filed February 14, 1978.]

*John G. Bunner,* of Evansville, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of first degree murder and murder in the commission of a felony. The record discloses the following: In the course of investigation, appellant, a 15 year old boy, was taken to the police station for questioning. His parents were summoned and were with him for the questioning. Both he and his parents consented to the taking of his statement. Later, while in jail awaiting trial, appellant, in return for an offer from fellow prisoners to give him cigarettes, wrote out two statements regarding his involvement in the murder and gave them to the fellow prisoners. One of the statements was turned over to the prosecutor; the other was found in a jail cell by a police officer.

The statement taken by the police in the presence of appellant's parents and the two notes written at the jail were introduced into evidence at trial over objection by defense counsel.

Appellant first contends the statement taken by police was inadmissible because the requirements of *Lewis* v. *State*, (1972) 259 Ind. 431, 288 N.E.2d 138, were not met. This Court held in *Lewis* that a juvenile's statement or confession cannot be used against him unless he and his parents are informed of his constitutional rights and are given an opportunity for consultation prior to the questioning. In *Hall* v. *State*, (1976) 264 Ind. 448, 346 N.E.2d 584, this Court held that the record must demonstrate that there was a meaningful opportunity for the juvenile and his parents to counsel together. In the case at bar the statement shows that both appellant and his parents were informed of his constitutional rights as required by *Miranda* v. *Arizona*, (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. These rights subsequently were waived by appellant and his parents. Furthermore, appellant's father testified that appellant and his parents were alone in the room prior to the questioning and that they discussed the case. Clearly the record satisfies the requirements of the *Hall* and *Lewis* holdings.

Appellant also argues that neither he nor his parents were formally advised that he was a suspect in the homicide; consequently, that his statement cannot be used against him. IC 1971, 35-5-5-2 provides that in determining the voluntariness of a confession the trial judge shall consider "all the circumstances surrounding the giving of the confession," including *inter alia*, "whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of the making of the confession." The statute further provides that the "presence or absence of any of the above-mentioned factors to be taken into consideration by the judge need not be conclusive on the issue of voluntariness of the confession." On appeal this Court will review the trial court's determination of voluntariness with regard to the "totality of the circumstances," and will consider only the evidence most favorable to the State. *Magley* v. *State*, (1975) 263 Ind. 618, 335 N.E.2d 811. In the case at bar the murder occurred next door to appellant's home. A detective had informed appellant's father the day before that he was investigating the homicide. Appellant's mother was present the morning when appellant was first questioned about the murder. Thus there is sufficient evidence that appellant and his parents were aware that he was a suspect in the homicide. *Sanders* v. *State*, (1972) 259 Ind. 43, 284 N.E.2d 751. The trial court did not err in admitting the statement taken by the police officers into evidence.

Appellant next claims the two statements which appellant wrote out for fellow prisoners in the jail were inadmissible because they were given under duress. This Court recognizes the validity of the rule excluding confessions given under threats or coercion. *Johnson* v. *State*, (1968) 250 Ind. 283, 235 N.E.2d 688; IC 1971, 35-1-31-5. Nevertheless, this Court has previously held that the exclusionary rule does not apply to situations where private citizens gather evidence apart from police activity, even if the information was procured by chicanery. *McFarland* v. *State*, (1975)

263 Ind. 657, 336 N.E.2d 824; *Trinkle* v. *State*, (1972) 259 Ind. 114, 284 N.E.2d 816; *Luckett* v. *State*, (1973) 158 Ind. App. 571, 303 N.E.2d 670.

In *Leaver* v. *State*, (1968) 250 Ind. 523, 237 N.E.2d 368, the defendant had written a note to another inmate while awaiting trial. The note contained, among other things, the statement, "I am guilty." This Court held that the writing was admissible. The case of *U.S. ex rel. Milani* v. *Pate*, (7th Cir. 1970) 425 F.2d 6, *cert. denied* 400 U.S. 867, provides an apt analysis. In that case a prisoner several times reported to the FBI incriminating statements made by the defendant. In holding the statements admissible, the Court stated:

> "The only role the police played was that of a passive receiver of information relayed to them by an informer working entirely independent of the police." 425 F.2d at p. 8.

The Court further observed that "while the recapitulation of a damaging confession might amount to a betrayal of an ostensible friendship, we know of no rule of evidence which is thereby violated." On the basis of the above authorities we hold that the notes written by the appellant at the urging of his fellow inmates were admissible into evidence.

With respect to the note found on the floor of the jail cell by a police officer, appellant makes the further argument that the reading of this note by the policeman was improper under *Procunier* v. *Martinez*, (1974) 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224. However the *Procunier* case was concerned solely with the censoring of incoming and outgoing mail and did not address the question of communications between prisoners. We see no need to restrict the operation of jails and prisons by condoning a rule such as that urged by appellant. Moreover, this was not censorship or regulation of mail before a prisoner received it. This note was found in a jail cell after it was received and read. We therefore hold this note was properly admitted into evidence.

Finally appellant contends the trial court was incorrect in sentencing him to two terms of life imprisonment for the same homicide. Under the holding of *Holland* v. ▮ *State,* (1976) 265 Ind. 216, 352 N.E.2d 752, his contention is correct. Accordingly the cause is remanded to the trial court with instructions to vacate one of the two life sentences imposed. The judgment of the trial court is in all other respects affirmed.

Hunter and Pivarnik, JJ., concur; DeBruler, J., concurs in result with opinion in which Prentice, J., concurs.

OPINION CONCURRING IN RESULT

DEBRULER, J.—The cases discussed by the majority in concluding that it will not treat the merits of appellant's claim that his statements given to fellow prisoners were the product of coercion and that consequently the trial court erred in admitting them against him, establish three propositions. *First,* no statement given to a person who is not a government agent is inadmissible in court because of the absence of the advisement of rights and waiver required by *Miranda* v. *Arizona,* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. *Leaver* v. *State,* (1968) 250 Ind. 523, 237 N.E.2d 368; *McFarland* v. *State,* (1957) 263 Ind. 657, 336 N.E.2d 824; *Luckett* v. *State,* (1973) 158 Ind. App. 571, 303 N.E.2d 670. *Second,* quite apart from the requirements of the *Miranda* case a separate and non-constitutional common law rule exists in Indiana which prohibits the use by the State of statements of the accused or any witness if those statements are the product of coercion, no matter what the source of that coercion might be. *Trinkle* v. *State,* (1972) 259 Ind. 114, 121, 284 N.E.2d 816, 819 (Opinion of DeBruler, J., concurring in result and authorities cited therein.) *Third,* a private person may procure statements through the use of threat or force from one unlawfully intruding upon his home or property and such statements are admissible under an exception to the common law rule prohibiting the use of involuntary statements. This

anomalous exception was first stated in *Trinkle* v. *State, supra,* and has no application here, as the coercion was allegedly applied here by fellow prisoners during incarceration and not by a private person engaged in protecting property. Appellant is therefore entitled to review of his claims on its merits under the second proposition of law stated above.

Turning then to the merits, I find that the two questioned statements were written by appellant two months after his arrest for this homicide while he was confined in a one-man isolation cell for some form of infraction and were slipped to adjoining cells by appellant. While so confined one is deprived of visitors, cigarettes, trips to the commissary and use of the phone. Evidence was presented that one of the statements was given in return for a promise of some cigarettes. Other evidence was presented that the other statement was given without promise of any sort of compensation, and that appellant was being slipped cigarettes throughout his stay in the isolation area by fellow prisoners. Appellant was not threatened or harassed. He was not deprived of food, clothing or sleep. Under the circumstances shown, the trial court was correct in determining that the statements were voluntary and not the product of the undue influence of fellow prisoners.

Prentice, J., concurs.

NOTE.—Reported at 372 N.E.2d 461.