Willie **BEDGOOD**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 583S182.

Supreme Court of Indiana.

May 17, 1985.

John J. Halcarz, Hammond, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from convictions of dealing in Pentazocine, a class C felony, Ind.Code § 35–48–4–3, and dealing in Cocaine, a class B felony, Ind.Code § 35–48–4–1. The case was tried before a jury. Appellant received concurrent twelve year sentences.

Appellant raises five issues on appeal: (1) whether the trial court erred in denying his motion for continuance in order to procure different defense counsel; (2) whether the trial court erred in permitting the State to present evidence without his presence; (3) whether the trial court erred in permitting the police officers to testify about conversations with a confidential informant; (4) whether the trial court erred in refusing to give a possession instruction; and (5) whether the trial court erred in admitting into evidence testimony about the search of his residence and the seizure of drugs on March 29, 1982.

These are the facts that tend to support the determination of guilt. On March 17, 1982, Officer Valsi of the Gary Police Department and a confidential informant went to appellant's residence in order to purchase certain drugs. Officer Valsi purchased tripelennamine and pentazocine, commonly known as "t's and blues," from appellant. On March 28, 1982, Officer Candiano and a confidential informant went to appellant's residence. Officer Candiano purchased cocaine from the appellant for twenty five dollars. After this purchase, he observed another individual purchase drugs from appellant. Officer Candiano followed the individual, stopped her vehicle, and arrested her for possession of talwin and pentazocine. On March 29, 1982, Officer Candiano obtained a search warrant to search appellant's residence. When he entered the residence he heard someone running, and observed appellant throwing "stuff" into the toilet. Cocaine, tripelennamine and pentazocine were confiscated from appellant's residence, and he was arrested.

I

Appellant contends that the trial court committed error in denying his motion for continuance of the trial. The motion was based upon the claim that he had never discussed his case with his court-appointed public defender and wished to obtain a private attorney. This is a non-statutory motion and as such must be supported by good cause. T.R. 53.4.

This motion was made on the first morning of trial. Continuance motions made at this point in time are not favored, because if granted they entail the waste of work done in preparing the case for trial. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811. There was no justification offered for delaying this motion until the time of trial. The lack of contact between appellant and his counsel likewise did not raise the basis for the motion to the "good cause" level. The public defender was appointed to represent appellant six months before. He was thus known and readily available to appellant for consultation. Counsel made repeated fruitless efforts to contact his client. This six month long period also provided an ample opportunity to employ a private attorney to conduct the defense. Appellant simply did not avail himself of the opportunity to engage personally with the public defender in the preparation of the defense or to employ new counsel. There was a failure here to avail oneself of such opportunity at an appropriate stage of the proceeding. *Atkins v. State* (1977), 175 Ind.App. 230, 370 N.E.2d 985.

II

Appellant argues that the trial court erred in permitting the State to present evidence without his presence. Appellant arrived at the trial several hours after its commencement.

A defendant may waive his constitutional right to be present at his own trial by his failure to appear when he knows of his obligation to appear. *Faison v. State* (1981), Ind., 428 N.E.2d 784.

Here, appellant's attorney stated he had given notice of the trial's date and time to him. Also, appellant failed to notify the court and explain his delay. Furthermore, the trial court instructed the jury that his absence was not evidence of guilt and that he had the right to give up the rights to confront and to aid in the cross-examination of witnesses. It is clear that appellant voluntarily chose not to diligently exercise these rights and that the possible prejudice engendered by his choice was minimized by the trial court's instruction.

### III

Appellant argues that the trial court erred in permitting the police officers to testify about conversations with a confidential informant. He contends that portions of the officers' testimony constituted hearsay.

Appellant, however, did not object at trial on this ground, so as to raise this issue. *Harden v. State* (1983), Ind., 441 N.E.2d 215. Grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal. *Brown v. State* (1981), 275 Ind. 441, 417 N.E.2d 333.

### IV

Appellant contends that the trial court erred in refusing to instruct the jury on the lesser included offense of possession. In dealing with a claim of this type, the court follows a two step analysis. *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. The first step is to apply the traditional, general test to determine the relationship between the two offenses, namely whether it is impossible to commit the greater offense without first having committed the lesser one. *Cook v. State* (1972), 258 Ind. 667, 284 N.E.2d 81.

The second step is to examine the evidence presented at trial, and particularly that evidence of the elements distinguishing the two offenses, and determine whether a verdict of guilty of the lesser could be based thereon rather than upon a compromise between the jurors who believe the accused guilty of the offense charged and those who believe him not guilty thereof. *Lawrence v. State*, supra.

In the present case it is clear that possession of a controlled substance would satisfy the traditional test as a lesser and included offense of the offense of possessing a controlled substance with the intent to deliver it. However, it is equally clear that possession in this case fails the second step. There was substantial evidence of a direct nature, and further inferences therefrom, that appellant was conducting a business at this location and had the intent to do that rather than to possess it for personal use. The evidence was not such as to warrant a lesser included offense instruction on possession alone, and the trial court was correct in its position. It is inherent in this rationale that it was not within the province of the trier of fact to believe the testimony of the prosecution witnesses that appellant had possession of these controlled substances, and at the same time reject their testimony that he sold some of them.

### V

Appellant finally argues that the trial court was in error in permitting the jury to be presented with the evidence of the search of his residence and the seizure of drugs on March 29, 1982, the day following the last sale charged in Count II on March 28, 1982. The basis of the objection was that such evidence was irrelevant as proof of the charged crimes, and greatly prejudicial.

The general rule is that evidence of crimes of criminal acts other than those charged is generally inadmissible as proof of the guilt of a defendant, however such evidence may properly be introduced for the purpose of showing intent, motive, purpose, identity, or a common scheme or plan. *Hill v. State* (1983), Ind., 445 N.E.2d 994. That is, such evidence may be admissible despite its tendency to show bad character or criminal propensity, if it makes the existence of an element of the crime charged

more probable than it would be without such evidence. *Randolph v. State* (1977), 266 Ind. 179, 361 N.E.2d 900. Each trial judge retains however the judicial discretion to exclude matter, the minimal relevance of which is clearly outweighed by the tendency of such matter to inflame the minds of the jury. *Cobbs v. State* (1975), 264 Ind. 60, 338 N.E.2d 632.

The challenged evidence procured here through the search warrant was relevant to prove appellant's intent, and his plan to sell narcotics on the previous day. It indeed falls into about every category of exception to the general exclusionary rule. On the other hand it demonstrates no more than the business and the profit motive, and doesn't show a different vicious, dangerous or condemnable nature than that contemplated within the crimes charged. We find that the trial court correctly struck the balance as it did.

The conviction is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.