**Frankie L. RODE, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 28A04–8710–CR–316.

Court of Appeals of Indiana, Fourth District.

June 15, 1988.

Rehearing Denied Aug. 16, 1988.

Woodrow S. Nasser, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Frankie L. Rode (Rode) appeals his conviction for arson, class B felony.

We affirm.

This appeal raises the following issues:

1. whether the trial court erred by permitting Rode's wife to testify against him,

2. whether the trial court erred by permitting the State Fire Marshall to testify the substance used to accelerate the fire was gasoline when no laboratory report or verified test results had been admitted into evidence, in violation of the "best evidence" rule,

3. whether the trial court erred by permitting a private insurance fire investigator to testify in his opinion the fire was ignited with a flammable liquid,

4. whether Rode's confession to the private insurance investigator he set the fire should have been suppressed by the trial court because Rode had not been given a Miranda warning prior to questioning by the private investigator,

5. whether the court erred by giving State's final instructions numbered 11 and 12,

6. whether the evidence was insufficient to support the verdict, and

7. whether the court erred by overruling Rode's motion for judgment on the evidence at the conclusion of trial.

R.W. Taylor hired Rode to repair the roof of his house. It had blown off during a wind storm. Taylor gave Rode a key to the house to facilitate the roof's repairs.

Later, after two attempts to blow up Taylor's house with natural gas were unsuccessful, Rode threw gasoline around the interior of the house and ignited it. The house was destroyed.

Rode told his wife Lisa Fusine (Lisa) that Taylor was to pay him $10,000 out of the insurance money for destroying the house. After threatening Lisa and her family with bodily injury if she refused, Rode forced Lisa to drive him to and from the house on each attempt. He also told her if he went to prison, she would go too, because she was in as much trouble as he. When Rode later told Lisa he planned to get more money by enticing Taylor into a phoney drug deal then murdering him, and Lisa was Rode's "ticket to the gas chamber," she called the police because she feared for her life.

Lisa told the police about the arson, and showed them a rifle Rode had taken from the Taylor home and put in their closet. Further, she took the police to the place at Downing Lake where Rode had sunk two gasoline cans he had used in the arson. They were recovered by professional divers.

Three days later, an insurance company's private fire investigator went to Rode's trailer and talked to him. He admitted setting the fire claiming Taylor offered him money to do it.

Lisa divorced Rode in August of 1986, then testified against Rode at his trial.

Taylor testified he had not asked Rode to set fire to the house. He had recently bought new appliances and furniture to replace that which he had lost in divorce proceedings, and was out of town when the fire occurred. Taylor identified the rifle found in Rode's possession as his. Taylor had not given it to Rode.

Rode first argues Lisa could not testify against him because they were married at the time here involved. That being so, his communications to her are privileged he argues, citing IC 34–1–14–5(6). That statute reads in part

Sec. 5. The following persons shall not be competent witnesses:

. . . . .

Sixth. Husband and wife, as to communications made to each other.

■ Strong public policy grounds favor promotion and preservation of marital confidences even if truthful and invaluable testimony in certain cases is excluded. *Shepard v. State* (1971), 257 Ind. 229, 277 N.E.2d 165, 167; *Bergner v. State* (1979), Ind.App., 397 N.E.2d 1012, 1019. Subsequent termination of the legal marriage by divorce does not extinguish the privilege, *Shepard, Bergner, supra,* and *Perry v. Randall* (1882), 83 Ind. 143. Thus, without more, the fact Lisa was divorced from Rode before trial does not of itself extinguish the privilege because the communication was made during the marriage.

■ However, not every conversation, word or act said or done by husband and wife in the presence of each other is protected by the veil of secrecy arising by virtue of the marriage relationship. Only those communications passing from one marriage partner to the other because of the confidence resulting from their intimate marriage relationship receive such protection. Our Supreme Court has said

Where the criminal, in seeking advice and consolation, lays open his heart to his wife, the law regards the sacredness of their relation, and will not permit her to make known what he has thus communicated, even as it will not ask him to disclose it himself. But if what is said or done by either has no relation to their mutual trust and confidence as husband and wife, then the reason for secrecy ceases.

*Beyerline v. State* (1897), 147 Ind. 125, 130, 45 N.E. 772, 774. Where, as here, a wife's testimony concerns disclosures by the husband not made in reliance upon the marital

relationship but made because the defendant husband was in need of his wife's assistance and coerced her by force and fear, her testimony is admissible. *Carlyle v. State* (1981), Ind., 428 N.E.2d 10, 12. The trial court did not err by admitting Lisa's testimony into evidence.

■ Rode contended the trial court erroneously permitted the Deputy State Fire Marshall to testify gasoline was used to ignite the fire. He posits laboratory reports would be the best evidence, thus the fire marshall's testimony constituted hearsay. He objected because the lab technician who tested the material was not called as a witness. Anything the fire marshall said was hearsay because the lab technician was not subject to cross-examination, Rode opines. (R. 395–396). On appeal, however, he argues the fire marshall's testimony was not the "best evidence" the fire was started with gasoline.

Rode has waived the issue. A defendant may not state one reason for an objection at trial and then rely upon another on appeal. The latter reason is deemed waived, as it was not properly brought to the trial court's attention. *Bedgood v. State* (1985), Ind., 477 N.E.2d 869. Grounds for objection must be specific and any grounds not raised in the trial court are not available on appeal. *Bedgood, supra.*

■ Rode next contends it was error to permit an insurance company's hired private fire investigator to testify the fire was caused by a flammable liquid because (a) he was not properly qualified as an expert witness, and (b) his testimony consists of hearsay and self-serving statements. Again, however, there is no issue here available for review. Rode, at trial, interposed no objections to this inspector's being qualified as an expert. In fact, he assented to the investigator's qualifications and his attainment of expert status. (R. 422–423). Failure to object to evidence offered at trial operates as a waiver of the issue on review. *Suggs v. State* (1981), Ind., 428 N.E.2d 226.

Rode next claims the private fire investigator was a "quasi-law enforcement offi-

cer" because IC 25–30–1–3 required him to be licensed as a private investigator by the superintendent of the Indiana State Police. As such, Rode's reasoning continues, he was required to give *Miranda* warnings to Rode before questioning him at Rode's home. Permitting the law to be so easily circumvented by private investigators would be a travesty of justice, Rode contends. We disagree.

■ In the first instance, the discussion between the private investigator and Rode was not custodial. The investigator identified himself as such to Rode at his home and told him he was investigating the fire at the Taylor home. He then asked Rode "well, did you set the fire", and Rode responded "yeah I set the fire." (R. 442).

■ The mere licensing of an individual as a private detective by the State does not give him state law enforcement powers. Police officers who work as security guards when off duty, shed their

> cloak of State Agency and become agents of the private hiring authority, thereby requiring no more of them with regard to a defendant's constitutional rights than of any other citizen.

*Bowman v. State* (1984), Ind.App., 468 N.E.2d 1064, 1068, fn. 1. The guidelines of *Miranda* are inapplicable to questioning by ordinary private citizens. *Yates v. State* (1978), 267 Ind. 604, 372 N.E.2d 461. We find no error here.

■ Next Rode contends the court erred by giving State's final instruction number 11 and 12 which permitted the jury to consider the lesser included offense of arson, a class B felony. The State originally had charged Rode with arson, a class A felony. At trial, the evidence showed fireman Ferree fainted at the scene of the fire, was taken to a hospital where he was given medication and released about 45 minutes later. (R. 388–389). Clearly, whether personal injury had been caused by the arson was subject to serious dispute.

In such cases, an instruction on lesser included offenses is justified if the crime charged requires proof of all the essential elements of the lesser offense plus the

additional elements which distinguish the two offenses. If the distinguishing elements are in dispute, a lesser included offense instruction may be given. *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208. Under the *Lawrence* test, an offense may be included if all the statutory elements of the lesser offense are part of the statutory definition of the greater offense, *see e.g., Brooks v. State* (1986), Ind., 497 N.E.2d 210; or, an offense may be included if the charging instrument reveals the manner and means used to commit the essential elements of the charged crime and includes all the elements of the lesser crime. *Jones v. State* (1988), 519 N.E.2d 1233, 1234. The trial court did not err by giving the lesser included offense instructions.

▪ Rode next contends the evidence was insufficient to sustain the trial court's judgment. We disagree.

After two failed attempts to blow up the Taylor house with natural gas, Rode went to the house, splashed its interior with gasoline, then set the gasoline on fire. As a result, the house was destroyed. This evidence is clearly sufficient to show Rode was guilty of arson, a class B felony.

▪ Finally, Rode argues because he was charged with class A felony arson but convicted of class B felony arson he has been subjected to double jeopardy in violation of his constitutional rights. We disagree.

Rode has been convicted of but one offense, namely, arson a class B felony. No constitutional problems arise when one is convicted of an inherently included offense, as in this case, when that conviction is supported by substantial evidence, as here. *Lahrman v. State* (1984), Ind.App., 465 N.E.2d 1162. *See also Murphy v. State* (1980), Ind.App., 414 N.E.2d 322.

Affirmed.

MILLER and GARRARD, P.JJ., concur with separate opinions.

MILLER, Presiding Judge, concurring.

Rode moved to suppress the testimony of Lisa Fuzesi, Rose's former wife, based on the statutory marital privilege. IND. CODE 34-1-14-5. The motion was denied. One exception to the marital privilege exists when the communication is made because the communicant is in need of the spouse's assistance to commit a crime, and coerces him or her by fear or force. *Carlyle v. State* (1981), Ind., 428 N.E.2d 10, *Beyerline v. State* (1897), 147 Ind. 125, 45 N.E. 772. Under this exception Lisa's testimony concerning Rode's acts and statements on the nights he attempted to burn Taylor's house and the night when he did burn it were admissible. However, Lisa's testimony concerning Rode's communications to her about his intention to burn the house before he demanded her help, and his plan to involve Taylor in a drug deal and murder him do not fall under this exception.

In his motion Rode sought to suppress all of Lisa's testimony. In discussing a motion to strike testimony, the court in *Southern Indiana Gas and Electric Co. v. Gerhardt* (1961), 241 Ind. 389, 172 N.E.2d 204 stated:

"Such a motion must be specific and limited strictly to the testimony to which it is properly applicable. It would be error for a court to sustain too broad a motion, thus striking out relevant and competent testimony. For this reason, trial courts must exercise unusual care in sustaining motions to strike testimony. Such motions to be sustained must be very concise and specific as to the exact testimony to go out." (Citations omitted) *Id.* at 398–99, 172 N.E.2d at 208.

The motion to suppress in this case is analogous to a motion to strike. Because Rode's motion was not sufficiently specific, I concur. Had he objected to the specific communications, my decision might have been different.

GARRARD, Presiding Judge, concurring.

I concur with the majority opinion except for its dictum that regular police officers "shed their cloak of State Agency, etc." while performing duties as a security guard. In the context of arrest powers we

have held otherwise. I would therefore reserve that question until it is squarely presented for decision.